Parker C. J.
afterward drew up the opinion of the Court. The building erected by the defendant, which was used for the purpose of selling spirituous and mixed liquors, and in which such liquors were sold, is not within the license for a tavern, unless it can be considered as a dependency of the house which was so licensed. The distance from the dwellinghouse is alone sufHcient to deprive it of this character. The least distance is forty-five rods, and by the usual road it is fifty rods. *300 It is a separate, independent establishment, and cannot lawfully be used for the purposes above mentioned, without a separate license.
It is only by implication, that buildings separate from the tavern-house can be considered as covered by the license ; for by the first section of the statute, it would appear to be the house alone that was licensed ; but it was evidently intended by the legislature, as appears from other parts of the statute, and particularly from the form of the recognizance required to be taken from innholders, that contiguous buildings, or buildings not contiguous, used with the house as part of it, should be considered as within the license, as well as within the prohibitory clause of the statute. Such was the case cited from 3 Pick. 300 ; in which there was a store two or three rods from the house, and adjoining to a shed used for the accommodation of travellers, the chamber of which store was used as a dining room and in which beds were set up for occasional use. The Court Jield the store to be included in the license, because so connected with the inn as to be a dependency and within the curtilage of the inn. But this case differs in every respect ; the building was not in any way connected with the tavern-house, was not within the curtilage, and was used only for the purpose of selling liquors from it.[1]

Motion for new trial overruled.

 See 3 Chitty on Crim. Law, (4th Am. ed.) 1103, 1106, and note**.