CASE 48.—PROSECUTION AGAINST GEORGE P. HUBER FOR SELLING INTOXICATING LIQUORS WITHOUT A LICENSE.—September 25.

## Huber v. Commonwealth

Appeal from Campbell Circuit Court.

A. S. BERRY AND C. W. YUNGBLUT, Successive Judges

Defendant convicted, and appeals.—Affirmed.

1. Intoxicating Liquors—Offenses—Sales at Prohibited Places.—Under Ky. Stats. 1903, section 4198, requiring applicants for a license to sell intoxicating liquor to state the county, city, town, and place where it is proposed to carry on the business, and that licenses shall specify the place where the business is to be conducted, and forbidding the exercise of the privilege granted in any other place than that mentioned in the license, two barrooms in separate and distinct buildings cannot be conducted under one license.

Huber v. Commonwealth.

2. Same.—Licensee's ownership of both buildings does not affect the question.

3. Same.—Where, when licensee commenced the sale of liquor in a building, he was already selling liquor in another building, it is no defense to an indictment for selling liquor in the former building without a license that, as he had a right to run one bar, it cannot be said which of the two was unlawful, and that therefore the selling in the former building was not unlawful, as such defense overlooks the fact that licensee commenced the sale in the former building after he had located his license by selling liquor in the latter building.

4. Same.—One who, under one license, opens two bars in separate and distinct buildings, cannot maintain that he cannot be punished for maintaining either, as one or the other is lawful.

5. Same—Indictment—Sufficiency.—An indictment for conducting a bar for the sale of intoxicating liquor without a license, which gave the name of the offense with sufficient certainty to apprise defendant of what was meant, and described it in the usual form, was sufficient.

6. Same—Evidence—Admissibility.—On a trial for conducting a bar for the sale of intoxicating liquor without a license, evidence that other persons in the county were conducting two bars under one license, as defendant was doing, was properly excluded.

7. Same.—On a trial for conducting a bar for the sale of intoxicating liquor without a license, evidence that the county officials had construed the statute to permit the conducting of two bars under one license, as defendant was doing, was properly excluded.

C. L. RAISON for appellant.

POINTS AND AUTHORITIES.

1. The court erred in overruling the demurrer of the defendant to the indictment. (Meadows v. Commonwealth, 104 S. W., 954.)

2. The court erred in giving instruction No. 1 to the jury offered by the Commonwealth.

3. The court erred in giving instruction No 3 to the jury, given by the court in its own motion.

4. The court erred in overruling the motion of the defendant for a peremptory instruction to the jury to find a verdict for the defendant.

5. The court erred in refusing the defendant the right to intro-- duce to the jury the evidence of the witnesses Krinn, and others as to the construction of the law by the State and county officials. as to the operation of two bars under one license.

6. The verdict of the jury was not sustained by any evidence: at all.

JAMES BREATHITT, Attorney General, and TOM B. Mc-GREGOR, Assistant Attorney General, for Commonwealth.

The Commonwealth contends:

1. That the indictment is good.

2. That the court committed no error in giving the law to the jury, nor in refusing to give peremptory instructions to find. appellant not guilty.

3. That no reversible error was committed by the court in refusing to admit certain testimony offered in behalf of appellant as to the construction of the law by State and county officials. as to the operation of two bars under one license.

### AUTHORITIES CITED.

State v. Comstock, 227 Vt., 553; Commonwealth v. Bartholomew,. 17 R., 1133; Commonwealth v. Turner, 4 B. M., 4; Roberson's Crim. Law, sec. 679; Kentucky Statutes. sec. 2570; Rowe v. Commonwealth, 24 Ky. Law Rep., 974; Penner v. Commonwealth, 22 Ky. Law Rep., 774; Stamper v. Commonwealth, 102 Ky., 33.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

George P. Huber owns several small lots. On one of these is a brick building, in the upper part of which. he lived with his family, and in the lower part he carried on business as a saloon keeper. Fifty or 100 feet. from this building was a large frame building, which. was used for picnics and the like for a while, and afterwards was used as a pool room. He got a license from the county court to sell spirituous, vinous, and malt liquors. Under this license he conducted his

saloon in the brick building, and while he was running the pool room business in the frame building he opened another bar in that and was selling liquor there. For this he was indicted, and, having been fined in the circuit court, he appeals.

Section 4198, Ky. Stats., 1903, provides as follows: "All applicants for license except peddlers shall state the county, city, town and place therein where it is proposed to carry on the business, and all licenses except to peddlers, shall specify the place where the business is to be conducted, and no one but the person named in the license shall sell under or exercise the privilege granted; nor shall the privilege granted be exercised in any other place than that mentioned in the license, except that retail dealers in spiritous, vinous or malt liquors, in any incorporated city or town, may remove their place of business to some other place in the same city or town by the consent of the county court and municipal authorities of such town or city, entered of record and indorsed on the license. But when the place is once changed the party shall not be allowed to change the location a second time or sell at the original place without first procuring a license." It is clear from this statute that it was not contemplated that a man under one license could run two barrooms in separate and distinct buildings. If he could thus run two, he could run as many bars as he saw fit, under one license.

His ownership of both buildings does not affect the question. If he had owned only one, and rented the other, or owned neither, the rule would be the same. The license is to run one business at one place of business; and when Huber opened and conducted the bar in the brick building he exhausted his license. His

opening the bar thereafter in the frame building was the running of that bar without license.

It is earnestly insisted that, as he had a right to run one bar, it can not be said which of the two was unlawful, and that therefore the selling in the frame building, for which he was indicted, was not unlawful. This argument overlooks the fact that the business in the frame building was begun after he had located his license by conducting his saloon in the brick building. In addition to this, a man who, under one license, opens two bars in separate and distinct buildings, can not maintain that he can not be punished for maintaining either, as one or the other was lawful. When the Commonwealth has fined him for conducting one of the bars, it is an election by the Commonwealth to treat the other place as the one that is licensed.

The instructions of the court aptly submitted to the jury whether the two bars were separate and distinct, and the proof before the jury left no doubt that they were in separate and distinct buildings.

The indictment was not defective. It gave the name of the offense with sufficient certainty to apprise the defendant of what was meant, and in the descriptive part of the indictment describes it in the usual form.

The court properly refused to allow proof to be heard to the effect that other men in Campbell county were running two bars under one license, just as he was doing, or to the ffect that the county officials had so construed the statute. One violation of the law can not justify another, nor can the county officials make nugatory the statutes of the State.

Judgment affirmed.