Thomas W. Long, as Director of the State Beverage Department, v. Capital Gardens, Inc.

194 So. 625
Division A
Opinion Filed March 15, 1940

*Cody Fowler* and *Harvey Yancey,* for Appellant;
*B. K. Roberts,* for Appellee.

BUFORD, J.—Appellee filed its bill of complaint in the Circuit Court of Wakulla County seeking to enjoin appellant as Director of the Beverage Department of the State of Florida from collecting from appellee more than one license tax authorizing the sale of intoxicating liquors.

Injunction was granted on stipulation that the facts alleged in the bill of complaint, together with the additional fact stated in a subsequent stipulation, present the question of whether or not the appellee, complainant in the court below, should be required to pay two license taxes.

The stipulation as it appears in the bill of complaint is as follows:

"It is herein and hereby stipulated by and between the parties to this cause as follows, to-wit:

" 'That Capital Garden, Inc., is the owner of a five-acre tract of land in Wakulla County, Florida, bordered on the east sides by State Highway No. 10 and on the other sides by the Wakulla-Leon County line, and on said parcel of land is located two buildings constructed entirely independent of each other, Building No. 1 joining immediately with the right-of-way of State Highway No. 10, and Building No. 2 being located 200 feet west of Building No. 1; That Building No. 1 is a concrete building approximately 20 feet deep and 40 feet long and in which are constructed facilities for the retail sale of whisky. Building No. 2 is a large frame building approximately 50 feet across the front and 100 feet deep and has constructed therein facilities for the retail sale of whisky; both buildings are under a single ownership on the same plot of land; both buildings are served with electricity by one utility account; both buildings are under the same management; both buildings and the business conducted therein deposit proceeds of sales in the same bank account; both buildings buy whisky through the same account and frequently exchange packages of whisky back and forth and frequently split packages of whisky between them; in Building No. 1 no business carried on except the retail sale of whisky and comparative beverages; Building No. 2 was constructed for and is operated intermittently for night club purposes, has facilities for dancing, a kitchen for preparing food and a dining room for serving food and an orchestra pit. Not regularly but intermittently dances are conducted and meals are served in Building No. 2. While Building No. 2 is engaged in

conducting a dance or amusement of any kind whisky is offered for sale therein in a regular retail manner, and a display of packages of whisky is made and exposed to the public and sales consummate within the building. The only physical connection between the two buildings is a pair of electric light lines and a water pipe which feeds water to Building No. 1 from the water system located in Building No. 2; a sketch is attached hereto which approximately fixes the sizes and locations of the buildings. Capital Garden, Inc., contends that the foregoing constitutes one business and as such is subject to one beverage tax; Long contends that two places of business are being operated and the operations require two licenses. The question to be submitted to the Court is whether or not under the above agreed statement of facts and sketch, the combined premises owes one beverage license tax or two beverage license taxes."

The subsequent stipulation is as follows: "That the front small building on the premises is open to business with all classes of the traveling public including white people, negroes, or any other nationality, but the night club building is limited in use to white people only."

The contents of the stipulations show conclusively that the complainant is operating two places of business in Wakulla County where it engages in the sale of intoxicating liquors. The buildings so used are entirely separated by a considerable distance of open space. The stipulations show that each building is used in a manner different to that in which the other is used, one being a general whisky saloon open to the public, including all races and nationalities; the other being operated as a night club for the exclusive patronage of white people.

The fact that both buildings are on one five-acre tract is

of no importance and has no controlling significance. If both buildings were on a 160-acre tract they would be just as much one place of business as they are located as they are and, located as they are, they are just as evidently two separate places of business as they would be if each was located at the opposite end of a 160-acre tract of land.

The case of Balbontin v. State, 68 Fla. 84, 66 Sou. 421, is not at all in point. There the businesses of operating a restaurant and a saloon were conducted in one room.

In 33 C. J. 540, Sec. 116, it is said: "Where the same person maintained two or more bars, saloons, or other places for the sale of liquors, he was required to take out a separate license for each." See authorities cited in support of above text.

In 15 R. C. L., Sec. 41, page 287, it is said:

"Conformably to the principle that a liquor license is not a contract granting rights to be enjoyed however and wherever the whim of the licensee may suggest, it is uniformly held that a single license does not confer the right to conduct more than one place for dispensing liquor. Just when a dealer operating a plurality of rooms under a single license will be deemed to be conducting more than one room is not always easy to determine. The question may depend on the particular phraseology of a statute or ordinance, and, in any event, depends on the facts of each case. It would seem to be a question for determination by the licensing authorities, or by the jury, if it becomes a subject of litigation. There are, of course, instances in which the matter is not difficult of solution. For example, two adjacent places where liquor is sold, each having a separate bar, a separate set of attendants, a separate stock of liquors, and a separate street entrance, may not be maintained under one license to sell liquor." * * *

In support of this text see cases of Malkan v. Chicago, 217 Ill. 471, 75 N. E. 548, 3 Ann. Cases 1104, 2 L. R. A. (N. S.) 488.

In the above cited case, which appears to be the leading case on the subject, it appears that appellant there was running two saloons in a building which was designated in his license as 178 Quincy Street, Chicago. One of the saloons was in the basement of the building and the other on the first floor. Each was fully equipped with a bar and all equipment necessary for sale of intoxicating liquors. There was no way to go from one to the other of those saloons without going into the street. It was held that the appellant was operating two places of business and that he was not entitled to do so without obtaining two licenses. See also 17 Am. Eng. Ency. of Law, 2d Ed., page 237.

In the case of Huber v. Commonwealth, 129 Ky. 466, 112 S. W. 583, Huber obtained a license to sell intoxicating liquor. Under such license he opened and conducted a saloon in a brick building. Thereafter, while he was still operating the saloon in the brick building, he opened a bar in a frame building which was 50 or 100 feet from the brick building and it was held that he was required to pay two licenses. The court held that it was clear from the statutes of Kentucky that it was not contemplated that a man under one license could run two bar-rooms in separate and distinct buildings. It was held that his ownership of both buildings does not affect the question. It was held that the license is to run one business at one place of business. The statute is practically the same as ours. See also Commonwealth v. Eastbrook, 27 Mass. Rep. 293, 10 Pick. 293.

We construe the language used in Section 5 together with

the language used in Sub-section (b) of Section 11 of Chapter 16774, Acts of 1935, viz.: "No beverage containing alcohol of more than 1 per cent by weight shall be sold within this State except by persons holding licenses permitting such sales issued by the State of Florida and by the county wherein such sale is made. Each license shall describe the location of the place of business where such beverages may be sold and no such beverage shall be permitted to be sold except at said place of business." to mean that the licensee is required to have a license for each separate house, booth, tent or other structure in which he engages in the sale of intoxicating liquors and that such house, booth, tent or other structure, must be definitely described in the license.

It, therefore, follows that the decree appealed from must be reversed with directions that order be entered dismissing the bill of complaint.

It is so ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.