A. D. BASNET, PETITIONER, vs. THE CITY OF JACKSONVILLE, RESPONDENT.

1. A common law writ of *certiorari* to quash proceedings of an inferior jurisdiction does not issue as matter of right, but on cause shown to this court, or to a Justice thereof in vacation; nor is it the duty of the court, even where a case of irregularity in proceedings is shown, properly remediable by this process, to issue it under all circumstances; nor is it the duty of the court to quash the proceeding returned after such writ has issued and the return has been filed in all cases of illegality, irregularity, or even want of jurisdiction.

2. A common law writ of *certiorari* does not serve the purpose of a writ of error or appeal with a bill of exceptions as known to our practice. If the court has jurisdiction, and there is no irregularity or illegality in the procedure, the *certiorari* must be quashed.

*Certiorari* to the Circuit Court for Duval county.
The facts are sufficiently stated in the opinion.
No motion to quash was made by respondent.

*Cockrell & Walker* for Petioner.

*John Earle Hartridge* for Respondent.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This was a proceeding before the Judge of the Circuit Court, instituted by Basnett under the fourth section of Chapter 152, Laws, and in view of the constitutional jurisdiction of the Circuit Court in cases involving the legality of any tax assessment, by which he sought to have an assessment of taxes by the City of Jacksonville against him for the year 1880 declared " illegal and not lawfully made."

The statute provides that in such case he may apply to the Judge of the Circuit Court by petition setting forth the alleged illegality, and present the same, together with

the evidence to sustain it, and the said Judge shall decide upon the same, and if found to be illegal shall declare the assessment not lawfully made.

In this case there was a petition, exhibits thereto containing the evidence submitted, answer of the city, hearing and order dismissing the petition.

The petitioner sues out a *certiorari* to this record and seeks at the hands of this court a reversal of the judgment dismissing his petition.

The first questions which present themselves for our determination are the nature of the questions which this writ presents for our consideration and the rules of practice controlling its issuance. This writ issues here not as ancillary or auxillary to our appellate jurisdiction as it is when issued to supply a deficiency in the transcript of the record of a judgment from which an appeal is taken or to which a writ of error is sued out; nor is it issued to remove a case for trial here of which we have jurisdiction. It is a common law writ of *certiorari*. Upon such writ we neither affirm nor reverse a judgment, nor try the case upon its merits. We must either quash the proceeding of the Judge of the Circuit Court or quash the *certiorari* which brings it here. 15 Wend., 205, and cases there cited; 22 Ill., 209. And the quashing of the proceeding, the record of which is the return to this court, is not a matter of absolute right in the party suing out the writ, but there are many cases in which the court will decline so to do. 8 Mod., 331; Bacon's Abridgment, Title Certiorari A., 1 South. N. J., 387; 17 Mass., 351; 4 Pick., 25; 9 Pick., 46; 1 Coxe N. J., 318. This court has dismissed the *certiorari* from a Justice's court upon the ground that there was a remedy for the petitioner by appeal to, or *certiorari* from, the Circuit Court. 6 Fla., 305. The Supreme Court of New York, Judge Bronson delivering the opinion of the court, refused in the

exercise of such discretion to quash the tax lists of the sev-
eral towns in the county of Allegany for irregularity. The
People vs. Supervisors of Allegany, 5 Wend., 206.   Nor is
such writ properly issuable in the first instance except upon
order; and the petition upon which it is founded is usually
sworn to.    Buller, J., in The King vs. Eaton, 2 T. R. 89,
said : " That the rule requiring the defendant to lay a
ground before the court for granting a *certiorari* had ob-
tained since the time of Charles II., and he cited a case
of that day where it was held as clear law that a *certiorari*
ought not to be granted in vacation, but in open court and
upon a ground shown."   6 Mass., 72 ; 2 Hal., 38 ; 6 Wend.,
565 ; 12 ib., 292 ; 15 ib., 206.   Says Judge Cowen in ex-
parte Mayor, &c., of Allegany, 23 Wend., 284 :   " They,"
(meaning thereby the courts,) " may exercise a discretion
whether it " (the writ) " shall go at all, even where a ques-
tion of jurisdiction can obviously be laid hold of through
a return."   In this State, upon cause shown, a Justice of
this court may, in vacation, allow the writ.   Chapter 1626,
Laws.   In this State we have no statute, except the one
mentioned, regulating proceedings upon *certiorari* from this
court.   The statutes of 1840, 1832 and 1828 authorizing the
writ from the Circuit Court to Justices of the Peace, ex-
cept in summary proceedings under the acts of 1833 and
1877, provide that no judgment of any Justice shall be re-
versed on *certiorari* when the subject matter shall appear to
have been within the jurisdiction of the Justice, when there
has been a regular summons and service thereon, when
there shall have been proper parties, and when proper en-
tries shall have been made on the Justice's record.   What
is here said as to a *certiorari* to a Justice of the Peace is sim-
ply to show the limited nature of the enquiry attending
this writ where the Legislature has regulated the practice
upon it.   And what we have said in reference to writs of *cer-*

*tiorari* is said in order that the proper practice may be known and followed in the matter of their issuance in future. We do not propose to dispose of this case, however, because such practice has not been followed in it as the same result, even if the proceedings were quashed for this reason, must follow a decision of the case as presented upon the return of the Judge of the Circuit Court. In other words, our conclusion here, independent of any question of practice, is that the *certiorari* must be quashed because the return of the Circuit Court discloses that it had jurisdiction of the subject matter, and that the methods and practice followed in reaching its conclusions were in strict conformity to the statute.

What the plaintiff seeks here is not to quash the proceeding before the Judge of the Circuit Court. He alleges that there was error in the judgment dismissing his petition in that the assessment which he asked the Judge to declare illegal was upon the evidence before him shown so to be, and asks at our hands a reversal and a mandate directing the Judge to decide in that manner. We are asked to hold that upon the evidence presented he decided erroneously the question of law applicable to it. It is not pretended here that even improper testimony was admitted, or that the rules regulating its introduction were not in strict conformity to law. The question which this *certiorari* brings here is not whether, upon the evidence offered before the Judge, the municipal corporation of Jacksonville exceeded its authority in the matter of making this assessment, but whether the Judge exceeded his jurisdiction in hearing the case at all, or adopted any method unknown to the law or essentially irregular in his proceeding under the statute. A decision made according to the forms of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is

as applied to facts, is not an illegal or irregular act or proceeding remediable by *certiorari*.

We cannot make this writ serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions. By this remark we do not mean to intimate that a writ of error or appeal lies here. We determine that question when it arises. These conclusions are sustained by the following citations to which many more might be added: 62 Ala., 93; 23 Wend., 287; 17 Wend., 464; 20 Wend., 103; 15 Wend., 198; 7 Mct., 605; 22 Ill., 105; 20 John., 438; 5 Mass., 423; 2 Hill, 9; 3 Dall., 411; 3 Strob., 29; 14 Ill., 383; 28 Ark., 87; 30 ib., 148.

A *certiorari* is appellate in its character in the sense that it involves a limited review of the proceedings of an inferior jurisdiction. It is original in the sense that the subject-matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried and determined upon the merits generally as upon appeal at law or writ of error. Thus the Supreme Court of the United States speaks of such writs " as writs to review the proceedings of inferior courts as a matter of original jurisdiction," and showing errors of fact is only admissible to show want of jurisdiction or serious irregularity or illegality in procedure.

The judgment of this court is, that the writ of *certiorari* be quashed and for costs for the defendant.