THEODORE T. EDGERTON, PETITIONER, VS. THE MAYOR AND ALDERMEN OF GREEN COVE SPRINGS, RESPONDENTS.

1. A common law writ of *certiorari* does not serve the purpose of a writ of error or appeal with a bill of exceptions as known to our practice. If the court has jurisdiction and there is no irregularity or illegality in the procedure the *certiorari* must be quashed.

2. The proper method of reviewing the proceedings of the Circuit Court upon a *certiorari* issued by it is not a *certiorari* but an appeal at law or writ of error, and the general rule is that where an appeal lies a *certiorari* will not be granted. The case of Haliday vs. The Jacksonville Plank Road Company, 6 Fla., 304, referred to and approved.

*Certiorari* to the Circuit Court for Putnam county, to which the case was transferred from Clay county on account of the Judge of the 4th Circuit being disqualified to hear it.

The facts of the case are sufficiently stated in the opinion.

No motion to quash was made.

*Cockrell & Walker* for Petitioner.

*Fleming & Daniel* for Respondents.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The town of Green Cove Springs having directed an extension of Front street upon and over certain lands of Theodore T. Edgerton, the plaintiff in this proceeding, he filed his petition in the Circuit Court of the State of Florida for the Fourth Judicial Circuit in Clay county, accompanied by a copy of the proceedings of the Mayor and Aldermen of said town authorizing such extension, praying a writ of *certiorari* directing a return of the record of such proceedings, and upon an inspection thereof for such order

as of right and according to law should be made in the premises.

The Judge of that court having been of counsel and disqualified, the case was transferred to the Circuit Court of the Fifth Judicial Circuit for Putnam county.

There are two grounds upon which he sought favorable action at the hands of the court. First, that the amount of the damages therein assessed had never been tendered or provision made for the payment thereof to him; second, because the proceedings are irregular and do not authorize the extension of Front street over and upon his grounds.

To this petition the Mayor and Aldermen answered, admitting their purpose to extend the street as alleged, avering that the proceedings were conformable to law, and praying that the petition be dismissed.

The court upon hearing held that there was no error in the proceedings and dismissed the petition.

By argument of counsel the issuance of a formal writ of *certiorari* is waived, the transcript of the record of the judgment of the Circuit Court is agreed to be treated as a return by that court and the matters are to be reviewed, heard and determined as if said record had been duly and regularly returned under process of *certiorari* from this court.

The case thus presented is a *certiorari* to a *certiorari*. The *certiorari* from this court goes to the Circuit Court, and it is its proceedings that are returned here. By the plaintiff, Edgerton, here it is discussed as though it was a *certiorari* to the town of Green Cove Springs, and the Mayor and Aldermen of Green Cove Springs treat the case in their brief as if it was an appeal at law and they were the appellees.

We had occasion in the case of Basnett vs. The City of Jacksonville, decided at this term, to state our views in reference to a common law *certiorari*. We there held that such

34

a *certiorari* does not serve the purpose of a writ of error or appeal with a bill of exceptions as known to our practice, and that if the Circuit Court has jurisdiction, and there is no irregularity or illegality in the procedure, the record of which is brought to this court, the *certiorari* must be quashed.

In this case the Circuit Court had jurisdiction, and there is nothing illegal in the practice or procedure adopted by it. We think that the proper method of bringing the action of the Circuit Court in the matter of a *certiorari* to this court for review is an appeal at law or a writ or error, and if this be so the *certiorari* for that reason should, as a general rule, be dismissed. 6 Fla., 304. This is the rule in many of the States. Such proceeding in the Circuit Court is a proceeding according to the course of the common law, for it is principally from this source that the Circuit Court determines the effect of a common law *certiorari*, and the general rule is that a writ of error lies to proceedings had according to the course of the common law, while a *certiorari* lies to proceedings of a different character. Again, it is to be recollected that the Circuit Court in issuing a *certiorari* is exercising a jurisdiction concurrent with this court in the same manner as it does when it decides a case of mandamus or *quo warranto*.

The *certiorari* is quashed.