SEABOARD AIR LINE RAILWAY, A CORPORATION, PETITIONER, v. G. W. RAY, RESPONDENT.

1.  Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law.

2.  Under the the constitutional provision that "The County Judge shall have original jurisdiction in all cases at law in which the amount demanded or value of property involved shall not exceed one hundred dollars," the jurisdiction of the County Judge in an action against a common carrier for damages to property transported is to be determined by the sum in good faith demanded or actually put in controversy, and not by the amount of the recovery.

3.  If the face of the record in an action at law brought in the court of the County Judge shows that the amount demanded or actually put in controversy exceeds one hundred dollars, the County Judge is without jurisdiction to entertain it, and any judgment entered by him in the cause except to dismiss it is *coram non judice*, and utterly void.

4.  Where a declaration alleges damages to be *at least* 25 cents per crate for 366 crates of cantaloupes and that "the plaintiff claims damages for $125.00," and there is no relinquishment of any part of the damages claimed, damages to an amount no texceeding $125.00 may be proven in a proper forum, and a court which has juris-

diction in such causes only where the amount demanded shall not exceed one hundred dollars, cannot entertain jurisdiction of the cause of action as stated.

5. Where an action at law is brought in the court of the County Judge against a common carrier for its negligence and carelessness in not transporting with reasonable dispatch 366 crates of cantaloupes committed to it for shipment so that the 366 crates deteriorated in value "at least 25 cents per crate, and the plaintiff claims damages for $125.00 by reason of the said negligence," and there is no relinquishment of any part of the damages alleged to be *at least* 25 cents per crate for 366 crates, the accompanying claim for damages being $125.00, the record shows on its face that the sum demanded or the amount actually put in controversy exceeds one hundred dollars, therefore the County Judge has no jurisdiction to entertain the cause, and any judgment entered therein by him except of dismissal is void.

6. When a court of limited jurisdiction entertains a cause of action appearing on its face to be not within its jurisdiction, the entry of a judgment for an amount within the jurisdiction of the court does not give the court jurisdiction of the cause when there is no relinquishment of a part of the cause of action so as to bring it *bona fide* within the jurisdiction of the court.

7. When the court has no jurisdiction to entertain a cause of action, because the amount claimed is too large, the appearance of the defendant cannot confer upon the court jurisdiction of the cause.

8. Where the County Judge entertains jurisdiction of a cause not within his constitutional jurisdiction to try and determine, any judgment entered by him in such cause except of dismissal is void, and a judgment of the Circuit Court affirming on writ of error such void judgment of the County Judge, is not according to the essential

requirements of the law and should be quashed. on certiorari.

This case was decided by Division A.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*Geo. P. Rainey* and *L. N. Green,* for Petitioner,

*W. K Zewadski* (with whom was *Laurie T. Izler* on the brief), for Respondent.

WHITFIELD, J.: Upon a petition filed in this court by the Seaboard Air Line Railway, a corporation, a writ of certiorari was issued herein, commanding the transmission to this court of a full, true and complete transcript of the record in the case in the Circuit Court for Marion county, wherein the said Seaboard Air Line Railway was plaintiff in error and G. W. Ray was defendant in error, on writ of error to a judgment of the county judge's court in and for Marion county. The record brought here as the return to the writ shows that G. W. Ray brought an action for damages against the Seaboard Air Line Railway for carelessly and negligently allowing 366 crates of canteloupes, perishable freight, belonging to Ray and delivered to the company for carriage, to deteriorate in value by being delayed in transportation; and as damages stated "That such deterioration amounted in loss to at least 25 cents per crate, and the plaintiff claims damages for one hundred and twenty-five dollars by reason of said negli-

gence of the defendant." The defendant demurred to the complainant on the ground that (1) the same fails to set forth such matters as show the plaintiff to have a right of action against the defendant; (2) the same fails to show the alleged negligence of the defendant caused the injury complained of. This demurrer was overruled and the defendant failing to plead, judgment was rendered against the defendant for "the sum of ninety-one dollars and fifty cents damages" and costs. A writ of error was taken from the Circuit Court of Marion county to this judgment. In the Circuit Court it was contended that "the amount claimed by the plaintiff in damages being the sum of one hundred and twenty-five dollars as set forth in his declaration, the court did not have jurisdiction over the subject-matter, therefore no jurisdiction to adjudicate the plaintiff's alleged cause of action." The Circuit Court affirmed the judgment rendered by the county judge and it is to this record that the writ of certiorari is directed.

Under the constitution of this State the Circuit Court has final appellate jurisdiction of all civil cases at law arising before the county judge; but the Supreme Court may issue writs of certiorari in any proper case.

Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Basnet v. City of Jacksonville, 18 Fla. 523; Edgerton v. Mayor, &c., 18 Fla. 528;

Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34.

The law does not provide for direct appellate proceedings for review by the Supreme Court of judgments of the Circuit Court affirming judgments of the county judge in civil actions at law. The writ of certiorari in this case from this court was issued to the Circuit Court, and from the certified transcript of the record of that court sent up as a return to the writ it must be determined whether the Circuit Court has exceeded its jurisdiction or has not proceeded according to the essential requirements of the law in affirming on writ of error the judgment entered by the county judge.

If from the face of the record sent up as a return to the certiorari it appears that the proceedings in the court of the county judge were without jurisdiction or not in accordance with the essential requirements of the law, the Circuit Court did not act in accordance with the essential requirements of the law in affirming the judgment on writ of error, and, consequently, the judgment of affirmance shown by the record brought here, should, under the above authorities, be quashed.

Section 17 of Article V provides that "The County Judge shall have original jurisdiction in all cases at law in which the amount demanded or value of property involved shall not exceed one hundred dollars."

The jurisdiction of the court in actions of this character is to be determined by the sum in good faith demanded or actually put in controversy, and not the amount of the recovery. Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424; Burr v. Bayne, 10 Watts (Pa.) 299; Dwyer v. Bassett, 63 Tex. 274; 11 Cyc. 775, et seq.; 1

Ency. Pl. & Pr., 705, and cases cited. The same rule is announced in the cases of Livingston v. L'Engle, 27 Fla. 502, 8 South. Rep. 728; Wilson v. Sparkman, 17 Fla. 871.

If the face of the record shows that the amount demanded in the action brought before the county judge exceeded one hundred dollars then he was without jurisdiction to entertain it, and any judgment entered by him in the cause except to dismiss it is *coram non judice,* and utterly void. In such case the judgment of the Circuit Court affirming a judgment of the county judge awarding damages would not be according to the essential requirements of the law and should be quashed by this court on certiorari.

The action is brought against the Seaboard Air Line Railway for not transporting with reasonable dispatch 366 crates of cantaloupes committed to it for shipment, by carelessly and negligently allowing the same to be delayed in transportation, so that the 366 crates deteriorated in value because of such negligence and carelessness "*at least* 25 cents per crate, and the plaintiff claims damages for $125.00 by reason of the said negligence of the defendant." There is no relinquishment of any part of the damages alleged to be *at least* 25 cents per crate, and the demand is made for $125.00.

The amount of the demand is the test of the jurisdiction of the county judge. The demand here is for $125.00 and the particulars of the demand are *at least* 25 cents per crate for 366 crates of cantaloupes. Under this demand the plaintiff in a proper forum could prove an amount not exceeding $125.00. While 25 cents per crate for 366 crates of cantaloupes would amount to less than $100.00, the demand is for *at least* 25 cents per crate with a gross demand for $125.00. The presumption is that the demand

was made in good faith and for the amount which the terms used will cover.

It is clear that the demand made by the declaration in this case is in such terms that proofs can be made to any amount not exceeding $125.00 and this excludes the jurisdiction of the county judge. The fact that a judgment was actually entered for an amount within the jurisdiction of the county judge cannot have the effect of giving jurisdiction retrospectively when none existed to entertain the cause of action as stated in the declaration. A court having apparent jurisdiction of an action as begun may dismiss it afterwards if it appears that the amount actually demanded or involved is leess than the necessary jurisdictional amount, and that the amount demanded in the declaration or complaint which gave apparent jurisdiction could not have been claimed in good faith. But where the amount demanded on the face of the record is in excess of the amount of which the court has jurisdiction, no jurisdiction attaches and the only proper order is a dismissal. Brown v. Braun (Ariz.), 80 Pac. Rep. 323; 6 Current Law 334. In this case the judgment entered was for an amount within the jurisdiction of the county judge, but as the cause of action stated in the declaration was not within his jurisdiction, the entry of any judgment upon the merits of the cause is void for want of jurisdiction. Gillett & Jennison v. Richards, 46 Iowa 652. The appearance of the defendant by demurrer would give jurisdiction of the person, but it could not give the county judge jurisdiction of a subject-matter in excess of the amount limited by the Constitution.

The judgment of the county judge was entered without jurisdiction and not in accordance with the essential requirements of law, therefore the affirmance of the judg-

ment by the Circuit Court on writ of error was not according to the essential requirements of the law, and should be quashed on certiorari. An order will be entered here quashing the judgment of the Circuit Court which purports to affirm the void judgment of the court of the county judge.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.