B. M. BALBONTIN, *Petitioner*, v. THE STATE OF FLORIDA, *Respondent*.

Opinion Filed October 20, 1914.

Chapter 6516, Acts of 1913, does not make it a misdemeanor to use or allow doors. or screens, etc., in a single room where a restaurant and a liquor saloon are "run and operated in the same room" by the same proprietor, when such proprietor has duly procured and holds one license for such place as a retail liquor dealer and also a proper license for the same room as a restaurant keeper in connection with a barroom. The law does not contemplate that in such a case two liquor licenses shall be obtained and held, when the business of a liquor saloon and a restaurant are conducted in the same room by the same proprietor, and there is no attempt to evade the law regulating such subjects.

Writ of Certiorari to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment quashed.

*K. I. McKay,* for Petitioner;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for Respondent.

WHITFIELD, J.—During the license year 1913-14, the petitioner in a certain "storeroom" conducted "a restaurant, having tables, chairs and regular service, where patrons are served with meals and intoxicating liquors with their meals, if so desired, and in the same storeroom conducted a retail liquor saloon." The petitioner duly obtained and held a regular license as a retail liquor dealer and also "a license to conduct a restaurant with the

privilege of serving intoxicating liquors, in the same store-room in which said retail liquor saloon is conducted," paying for the latter license $25.00 to the State and $12.50 to the County. The petitioner was convicted and sentenced to pay a fine upon an information filed in the Criminal Court of Record of Hillsborough County, charging that the petitioner, a dealer in intoxicating liquors, wines and beer, did "unlawfully allow doors, blinds, curtains, shades, screens and walls to prevent persons on the outside of his place of business from seeing inside thereof," and "did unlawfully set up and use in such place of business blinds and screens." This judgment of conviction and sentence being for a misdemeanor, was affirmed on writ of error by the Circuit Court, the judgment of affirmance stating that the use of screens, etc., in the one room as stated, constitutes the criminal offense when the defendant had not procured an additional liquor license for the restaurant. This judgment and the reasons for rendering it, being a part of the record of the cause, and no appellate proceeding being provided by law, a writ of *certiorari* was issued by this court on application duly made, to determine whether such judgment is according to the essential requirements of law. Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922.

Section 41 of Chapter 6421, Acts of 1913, provides that the owners or managers of restaurants "When connected with a barroom or place where intoxicating liquors are sold, or where intoxicating liquors are allowed to be served, shall pay to the State a license tax of twenty-five ($25.00) dollars."

Sections 5 and 7 of Chapter 6516, Acts of 1913, make it a misdemeanor to allow doors, blinds, curtains, shades, screens or other things to prevent persons on the outside of a liquor saloon from seeing inside thereof, "Provided,

That this section (5) shall not apply to restaurants serving intoxicants at meals where the restaurant and saloon are run and operated in the same room, provided such restaurants have paid the regular liquor license tax provided under State license law." The statute does not make it a misdemeanor to use or allow doors or screens, etc., in a single room where a restaurant and a liquor saloon are "run and operated in the same room" by the same proprietor, when such proprietor has duly procured and holds one license for such place as a retail liquor dealer and also a proper license for the same room as a restaurant keeper in connection with a barroom. The law does not contemplate that in such a case two liquor licenses shall be obtained and held when the business of a liquor saloon and a restaurant are conducted in the same room by the same proprietor, and there is no attempt to evade the law regulating such subjects. This being so, the judgment imposing the fine on the petitioner is not according to the essential requirement of law, and is unauthorized.

The judgment of the Circuit Court affirming the unauthorized judgment of the Criminal Court of Record of Hillsborough County is quashed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.