CARY T. BENTON, *Petitioner*, v. THE STATE OF FLORIDA, *Respondent*.

Opinion Filed July 2, 1917.

1. The common law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions.

2. The Circuit Court has final appellate jurisdiction in all civil and criminal cases arising in the County Judge's Court.

3. Under the Constitution of this State the supervisory power of this court on a certiorari to a Circuit Court as an appellate court where the court of original jurisdiction had jurisdiction of the parties and subject-matter and the appellate court acquired jurisdiction according to the forms prescribed

by law, is restricted to an examination into the external validity of the proceedings had in the Circuit Court and cannot be exercised to review the judgment of that court as to its intrinsic correctness where the record discloses that a cause of action existed.

4. Upon a certiorari directed to the Circuit Court as an appellate court, this court will not question the correctness of the judgment of the Circuit Court upon its merits.

A case of original jurisdiction.

Writ of *certiorari* quashed.

*S. K. Gillis,* for Petitioner;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for Respondent.

ELLIS, J.—This case is here upon *certiorari* to the Circuit Court of Walton County to review a judgment of that court affirming a judgment of the county judge's court of that county against the petitioner in a case in which he was convicted of the offense of illegally selling intoxicating liquors in a county which had voted against the sale of such liquors.

Under the constitution of this State the Circuit Courts have final appellate jurisdiction in all civil and criminal cases arising in the county court or before the county judge. Article V, Sec. 11 Constitution of 1885.

The common law writ of *certiorari* cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions. While "a *certiorari* is appellate in its character in the sense that it involves a limited review of the proceedings of an inferior

jurisdiction. It is original in the sense that the subject-matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried and determined upon the merits generally as upon appeal at law or writ of error. Thus the Supreme Court of the United States speaks of such writs 'as writs to review the proceedings of inferior courts as a matter of original jurisdiction,' and showing errors of fact is only admissable to show want of jurisdiction or serious irregularity or illegality in procedure." This is the language of Mr. Justice WESTCOTT in the case of Basnet v. City of Jacksonville, 18 Fla. 523. As in that case so in this, the writ was issued not as ancillary or auxiliary to our appellate jurisdiction as it is when issued to supply a deficiency in the transcript of the record of a judgment from which an appeal is taken or to which a writ of error is sued out; nor is it issued to remove a case for trial here of which we have jurisdiction. The Circuit Court, not the Supreme Court, has under the constitution final appellate jurisdiction of this case. The writ is a common law writ of *certiorari,* upon which, as was said in the case above cited "we neither affirm nor reverse a judgment, nor try the case upon its merits. We must either quash the proceeding of the Judge of the Circuit Court or quash the *certiorari* which brings it here."

In the case of Edgerton v. Mayor of Green Cove Springs, 18 Fla. 528, this court said that "a writ of *certiorari* does not serve the purpose of a writ of error or appeal with a bill of exceptions as known to our practice and if the Circuit Court has jurisdiction and there is no irregularity or illegality in the *proceedure* the record of which is brought to this court, the *certiorari* must be quashed." See also Deans v. Wilcoxin, 18 Fla.

531; Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Hunt v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398. In the latter case the application for the writ was denied and Mr. Justice TAYLOR speaking for the court referred to the case of Jacksonville, T. & K. W. Ry. Co. v. Boy, *supra,* and said: "We held that in order to review and quash the proceedings on an inferior tribunal upon the common law writ of *certiorari,* the inferior tribunal must have proceeded in the cause without jurisdiction, or its *procedure* must have been clearly illegal or unknown to the law or essentially irregular, and that the writ is not permitted to serve the purpose of a writ of error or appeal with bill of exceptions, and that the granting of the writ was not a matter of right, but rested in the legal discretion of the court." See also Ragland v. State, 55 Fla. 157, 46 South. Rep. 724; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 South. Rep. 550. A recent decision of this court seemingly extended the rule as to the scope of a common law writ of *certiorari* by construing the words of Judge MABRY in Jacksonville, T. & K. W. Ry. v. Boy, *supra,* to the effect that the writ lies where the inferior tribunal has failed to "proceed according to the essential requirement of the law, where no appeal or other direct means of reviewing the proceedings is given," to include those cases where the inferior court to whom the writ was directed committed an error of law which appears upon the face of the record proper and which resulted in substantial injury to the petitioner, notwithstanding the fact that the cause may have upon appeal been reviewed and the judgment affirmed by a competent court. See State v. Live Oak, P. & G. R. Co., *supra,* where this court quashed

the judgment of the Circuit Court affirming a judgment of the county judge's court on a demurrer to a declaration. It was there held that if the "county judge erred in sustaining the demurrer to the declaration or in entering final judgment on the demurrer for the defendant" the declaration sufficiently stating a cause of action as against the demurrer interposed, the judgment of the Circuit Court affirming such judgment of the county judge "was not according to the essential requirements of the law." But to extend the rule to the point where this court will review the evidence before the county judge upon a *certiorari* to the Circuit Court which upon an appeal affirmed the judgment of the county judge would be to make this court, and not the Circuit Court, the court of final appellate jurisdiction in all civil or criminal cases arising in the county judge's court.

In Ragland v. State, *supra,* a distinction seems to be made between "illegal" and "erroneous" or irregular action, holding that where the judgment is attacked as "erroneous" as distinguished from "illegal" the writ would be denied. If the usual office of the common law writ of *certiorari* is to enquire into something more than jurisdiction, it would seem to follow from the constitutional provision above referred to that so far as the power of this court is concerned in the matter of issuing writs of *certiorari* to Circuit Courts acting as appellate courts the office of the writ is limited to inquiry into jurisdiction; because if the Circuit Court acquired jurisdiction of the subject-matter and person and its judgment was confined to the limits of its power as an appellate court, that judgment under the constitution is final. If this court undertakes to review upon *certiorari* the judgment of the Circuit Court acting as an appellate court on questions of law arising upon the record as to the suffi·

ciency, for instance of a declaration, plea, demurrer, motion to strike or amend, or on questions presented in the bill of exceptions, assuming that there is any provision for a bill of exceptions in an appeal from the county judge's court to the Circuit Court, a point not decided here, as for instance the admissibility of evidence offered, the sufficiency of evidence to support the verdict and in fact all questions that could be presented upon a writ of error,. the constitutional clause giving the Circuit Courts final appellate jurisdiction in all civil and criminal cases arising before the county judge would be meaningless.

Under the constitution of this State, the supervisory power of the Supreme Court on a *certiorari* to a Circuit Court as an appellate court is restricted to an examination into the external validity of the proceedings had in the Circuit Court and.cannot be exercised to review the judgment of that court as to its intrinsic correctness where the record discloses that a cause of action existed; the court of original jurisdiction had jurisdiction of parties and subject-matter and the appellate court acquired jurisdiction according to the forms prescribed by law. See State *ex rel.* Matranga v. Judge, 42 La. Ann. 1089, 8 South. Rep. 277, 10 L. R. A. 248.

It is sought by this proceeding to have this court review the evidence taken before the county judge and determine its sufficiency to support the verdict and in doing that to first determine whether certain evidence offered by the State and admitted over the defendant's objection was admissible, and if we find that it was not, then to quash the proceedings before the Circuit Court which affirmed the judgment of the county judge, as being illegal. To do this would be to confound the supervisory power of this court with its appellate jurisdiction.

It appears from the record that the county judge had jurisdiction of the offense and the person of the defendant and that the Circuit Court as the court of final appellate jurisdiction acquired jurisdiction in accordance with the forms prescribed by law and acted within the limits of its jurisdiction and powers and no question being raised as to the validity of the act under which the prosecution was held the proceedings of the Circuit Court appear to be legal, and the writ should be quashed, because in this proceeding this court has no power to enquire into the alleged error committed in admitting certain evidence, that is to say no power to question the correctness of the judgment on its merits. It is therefore ordered that the writ of *certiorari* be and the same is hereby quashed.

BROWNE, C. J., and TAYLOR and SHACKLEFORD, J. J., concur.

WHITFIELD, J., absent on account of sickness.