FIRST NATIONAL BANK OF GAINESVILLE, A CORPORATION, *Petitioner*, v. GEORGE COUPER GIBBS, AS JUDGE OF THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR DUVAL COUNTY, FRANK BROWN, AS CLERK OF THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA, AND J. L. OVERSTREET, *Respondents.*

## Opinion Filed July 14, 1919.

1.  The Supreme Court has power to review and quash, on the common law writ of *certiorari*, the proceedings of inferior tribunals when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular and not according to the essential requirements of justice and law and no appeal or direct method of reviewing the proceedings exist.

2.  The writ of *certiorari* to review the proceedings of an inferior court does not issue as a matter of right, but rests in the sound discretion of the court; and, when issued, will not serve the purpose of a writ of error, or appeal with a bill of exceptions.

3.  The office of the common law writ of *certiorari*, when issued to review the proceedings of an inferior court, is to bring up for inspection the entire record of the proceedings of such court, in order that the superior court may determine therefrom whether the inferior court acted within its jurisdictional powers, or whether its procedure was essentially regular and in accordance with the requirements of law.

4.  On writs of *certiorari* the ultimate adjudication is to quash the judgment complained of or to quash the writ of certiorari.

5.  In this State the writ of certiorari is used to quash illegal judgments, not to assume and complete the adjudication of a cause. Ordinarily the write of *certiorari* may not be used to quash a judgment of an inferior court unless such judgment is a final adjudication of the cause.

6. A judgment on writ of error reversing a judgment and re-
manidng the cause for further proceedings in the lower court
is not a final judgment.

A case of original jurisdiction.

Writ of *certiorari* quashed.

*Hampton & Hampton,* for Petitioner;

*Johnston & Garrett,* for Respondents.

WHITFIELD, J.—A judgment in assumpsit was rendered
by the Civil Court of Record for Duval County. On writ
of error to the Circuit Court, the judgment was reversed
and the cause "returned to the Civil Court of Record for
further proceedings." A writ of certiorari was applied for
and issued by this court addressed to the Circuit Court.
A motion is made to quash the writ of certiorari.

Pursuant to authority conferred by Section 1, Article
V, as amended, and Section 11, Article V of the Consti-
tution, the legislature, by Chapter 6904, Acts of 1915, pro-
vided for Civil Courts of Record in counties having 70,000
population, such courts to have jurisdiction in civil ac-
tions at law where the matter in controversy does not ex-
ceed $1,500.00, exclusive of interest and costs. Sections
12 and 13 of the Act provide as follows:

"Sec. 12. The Circuit Courts shall have apellate juris-
diction in all cases decided by the Civil Courts of Record,
in the same manner and with the same limitations as in
writs of error from the Circuit to the County Court.

"Sec. 13. Where the Circuit Court has rendered a judg-
ment in any case appealed from the Civil Court of Record

as provided by this Act, it shall be competent for the Supreme Court to require, by certiorari or otherwise, upon petition of any party thereto, any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it has been carried by writ of error to the Supreme Court; provided, that such petition must be filed within thirty days after the rendering of such judgment by the Circuit Court. The Supreme Court shall make such rules and regulations as may be proper for the exercise of its powers under this Act."

Under Section 5, Article V of the Constitution the Supreme Court has "the power to issue writs of * * * certiorari."

Section 1690, General Statutes, 1906, is as follows: "All proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error, except in cases where certiorari or prohibition shall lie, or where it shall be otherwise expressly provided."

Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law.

On certiorari the court issuing the writ considers only the face of the record of the inferior court. Certiorari will issue if the record shows such a state of facts as

makes the judgment rendered a glaring and palpable injustice to the party against whom it is rendered.

A petition for a writ of certiorari to review the proceeding and judgment of a court should make it appear that an illegal proceeding appears by the face of the record complained of. State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 South. Rep. 550; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714.

"The common-law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions. While 'a certiorari is appellate in its character, in the sense that it involves a limited review of the proceedings of an inferior jurisdiction, it is original in the sense that the subject-matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried and determined upon the merits generally, as upon appeal at law or writ of error. Thus the Supreme Court of the United States speaks of such writs "as writs to review the proceedings of inferior courts as a matter of original jurisdiction," and showing errors of fact is only admissible to show want of jurisdiction or serious irregularity or illegality in procedure.' This is the language of Mr. Justice Westcott in the case of Basnet v. City of Jacksonville, 18 Fla. 523. As in that case, so in this, the writ was issued not as ancillary or auxiliary to our appellate jurisdiction, as it is when issued to suply a deficiency in the transcript of the record of a judgment from which an appeal is taken or to which a writ of error is sued out; nor is it issued to remove a case for trial here of which we have jurisdiction. The circuit court, not the Supreme Court, has under the Constitution final appellate jurisdiction of this case.

The writ is a common-law writ of certiorari, upon which as was said in the case above cited 'we neither affirm nor reverse a judgment, nor try the case upon its merits. We must either quash the proceeding of the judge of the circuit court, or quash the certiorari which brings it here.' "

"Under the Constitution of this State, the supervisory power of this court on a certiorari to a circuit court as an appellate court, where the court of original jurisdiction had jurisdiction of the parties and subject-matter and the appellate court acquired jurisdiction according to the forms prescribed by law, is restricted to an examination into the external validity of the proceedings had in the circuit court, and cannot be exercised to review the judgment of that court as to its intrinsic correctness, where the record discloses that a cause of action existed.

"Upon a certiorari directed to the circuit court as an appellate court, this court will not question the correctness of the judgment of the circuit court upon its merits." Benton v. State, 74 Fla. 30, 76 South. Rep. 341; Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663.

"The Supreme Court has power to review and quash, on the common law writ of certiorari, the proceedings of inferior tribunals when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular and not according to the essential requirements of justice and law and no appeal or direct method of reviewing the proceedings exist.

"The writ of certiorari to review the proceedings of an inferior court does not issue as a matter of right, but rests in the sound discretion of the court; and, when issued, will not serve the purpose of a writ of error, or appeal with a bill of exceptions.

"The office of the common law writ of *certiorari,* when issued to review the proceedings of an inferior court, is to bring up for inspection the entire record of the proceedings of such court, in order that the superior court may determine therefrom whether the inferior court acted within its jurisdictional powers, or whether its procedure was essentially regular and in accordance with the requirements of law." Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; 4 Ency. Pl. & Pr. 31 *et seq.;* Hunt v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398.

On writs of certiorari the ultimate adjudication is to quash the judgment complained of or to quash the writ of certiorari. Basnet v. City of Jacksonville, 18 Fla. 523; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 South. Rep. 550; Benton v. State, 74 Fla. 30, 76 South. Rep. 341.

In this State the writ of certiorari is used to quash illegal judgments, not to assume and complete the adjudication of a cause. Ordinarily the writ of certiorari may not be used to quash a judgment of an inferior court unless such judgment is a final adjudication of the cause. 11 C. J. 126; 6 Cyc. 755. See also 3 C. J. 585. In all the cases in this State where the writ of certiorari has been used to quash a judgment of a lower court, they have been in cases where the judgment of a trial court has been affirmed by the Circuit Court in appellate proceedings, in which cases the Circuit Court had final appellate jurisdiction. Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; Balbontin

v. State, 68 Fla. 84, 66 South. Rep. 421; State v. Live Oak, P. & G. R. Co., *supra*. See also Louisville & N. R. Co. v. Sutton, 54 Fla. 247, 44 South. Rep. 946.

Applications for the writ have been denied or writs issued were quashed in cases where final judgments to which the writ was sought were not regarded as being in excess of jurisdiction or otherwise invalid.    Basnet v. City of Jacksonville, *supra;* Edgerton v. Mayor of Green Cove Springs, 18 Fla. 528; Hunt v. City of Jacksonville, *supra;* Benton v. State, *supra;* Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663. See also Ragland v. State. 55 Fla. 157, 46 South. Rep. 724; Halliday v. Plank Road Co., 6 Fla. 304.

A judgment on writ of error reversing a judgment and remanding the cause for further proceedings in the lower court is not a final judment; though an adjudication by an appellate court reversing a judgment of a lower court and rendering a proper judgment when permissible by the appellate court may be a final judgment.

This court has no jurisdiction, original or appellate, to determine and adjudicate the merits of the cause of action herein.

In this case the adjudication of the Circuit Court is that the judgment of the Civil Court of Record be reversed and the cause returned to the Civil Court of Record for further proceedings. This is not a final adjudication of the cause; and certiorari is not a remedy at this stage under the statutes or the practice that affect the use of the writ of certiorari in this State.

The writ of certiorari upon due consideration is quashed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.