WESTERN UNION TELEGRAPH COMPANY, *Petitioner*, v. O. H. WRIGHT & COMPANY, *Respondent*.

### Opinion Filed April 24, 1920.

1. Congress has so far occupied the entire field of the interstate business of telegraph companies by enacting the provisions of the Act of June 18, 1910, respecting interstate telegraph rates, as to exclude State action invalidating a contract limiting the liability of a telegraph company for error in sending an unrepeated interstate message to the refunding of the price paid for the transmission of the message.

2. Where an invalid judgment of a lower court is affirmed on writ of error by the Circuit Court, such judgment of affirmance may be quashed on *certiorari*.

Judgment quashed.

*John E. Hartridge,* for Petitioner;

*Alexander & Martin,* for Respondent.

PER CURIAM.—In an action brought in the Civil Court of Record for Duval County to recover damages resulting from an error in an unrepeated interstate message, a demurrer was sustained to a plea setting up a contract limiting recovery for mistakes in transmission of unrepeated messages to the amount received therefor, and judgment was awarded for a larger amount. On writ of error to the Circuit Court, the judgment was affirmed. A writ of certiorari was granted by this court.

The Supreme Court of the United States has held that "Congress has so far occupied the entire field of the interstate business of telegraph companies by enacting the

provisions of the Act of June 18, 1910, respecting interstate telegraph rates, as to exclude State action invalidating a contract limiting the liability of a telegraph company for error in sending an unrepeated interstate message to the refunding of the price paid for the transmission of the message." Postal Telegraph-Cable Co. v. Warren-Godwin Lumber Co., U. S. ; Sup. Ct. Rep.

, January 1, 1920, L. R. A. Ed; Western Union Tel. Co. v. Boegli, U. S. , Sup. Ct. Rep. , January 12, 1920, L. R. A. Ed.

The decisions in the above cases show the invalidity of the judgment of the Civil Court of Record which was affirmed by the Circuit Court. The affirming judgment of the Circuit Court is quashed. State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 South. Rep. 550; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34; Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; Balbontin v. State, 68 Fla. 84, 66 South. Rep. 421.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.

ELLIS, J., not participating.