THE COE-MORTIMER COMPANY, A CORPORATION, *Petitioner*, v. THE STATE OF FLORIDA, *Respondent*.

Opinion Filed May 13, 1921.

1. A writ of certiorari is not a writ of right.

2. If upon an inspection of the transcript of the record sent up under a writ of certiorari issued by this court, it appears that the County Court was without jurisdiction of the subject matter or of the defendant, or that the charge as made constitutes no offense under the law, either because of the invalidity of the statute or because of the absence of essential allegations, or that the judgment or other proceeding of record had on the charge is not in accordance with the essential requirements of the law, the judgment of affirmance by the Circuit Court will be quashed; otherwise, the writ of certiorari will be quashed.

3. In a penal proceeding the offense made punishable by the statute must clearly appear by the allegations of the information or by necessary inference from express allegations.

4.  The misrepresentation made an offense by Section 3726, Gen. Stats., 1906, Sec. 5711, Rev. Gen. Stats., 1920, is that which is made in connection with a sale of the commercial fertilizers referred to in the statute, which misrepresentation appears on the "label or tag" that is required to be attached to the package containing the commercial fertilizer that is sold.

5.  Where an information in a criminal prosecution does not contain essential allegations to state the offense, and the defect is fatal, it can not be cured by evidence; and relief by certiorari may be appropriate in the absence of appellate procedure where the penalty is a fine against a corporation, the writ of *habeas corpus* not being available as in case of illegal deprivation of personal liberty.

Judgment quashed.

*Landis, Fish & Hull* and *Fred R. Wilson,* for Petitioner;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis* and *J. B. Gaines,* Assistant Attorneys General, for the State.

Whitfield, J.—A writ of certiorari was issued by this court for the purpose of determining on a certified transcript of the record, whether the essential requirements of the law were duly observed in the affirmance by the Circuit Court of a judgment of the County Court of St. Lucie County, convicting the corporation of a statutory offense and imposing a fine as punishment.

A writ of certiorari is not a writ of right. Holmberg v. Toomer, 78 Fla. 116, 82 South. Rep. 620; Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663; Benton v. State, 74 Fla. 30, 76 South. Rep. 341; Ragland v. State, 55 Fla. 157, 46 South. Rep. 724; Egerton v. Mayor Green Cove Springs, 18 Fla. 528.

In this case the court exercised its discretion and issued a writ of certiorari upon the showing made in the application for the writ.

If upon an inspection of the transcript of the record it appears that the trial court was without jurisdiction of the subject-matter or of the defendant, or that the charge as made constitutes no offense under the law, either because of the invalidity of the statute or because of the absence of essential allegations, or that the judgment or other proceeding of record had on the charge is not in accordance with the essential requirements of the law, the judgment of affirmance will be quashed; otherwise, the writ of certiorari will be quashed. First Nat. Bank Gainesville v. Gibbs, 78 Fla. 118, 82 South. Rep. 618; Western Union Tel. Co. v. Wright & Co., 79 Fla. 600, 84 South. Rep. 604; Balbontin v. State, 68 Fla. 84, 66 South. Rep. 421; Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 South. Rep. 550; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Jacksonville, T. & K. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34; Basnet v. City of Jacksonville, 18 Fla. 523.

The statutes provide that:

"Every bag, barrel, or other package of commercial fertilizers, cotton seed meal, castor pomace, tobacco stems, tobacco dust, or tobacco meal manufactured, sold in or imported into this State, shall have securely attached a label or tag, and plainly stamped thereon the number of net pounds of fertilizer in the package, the name, brand or trade mark under which the fertilizer is sold, the name and address of the manufacturer and the chemical analysis stating the minimum percentage of

ammonia and the source from which the same is derived, the minimum percentage of potash soluble in water, the minimum percentage of available phosphoric acid, and the minimum percentage of insoluble phosphoric acid, the maximum percentage of moisture contained therein, also the maximum percentage of chlorine therein, and the materials from which it is compounded, also the stamp showing the payment of the inspector's fee provided for in this Act." Sec. 1264 Gen. Stats. of 1906, as amended by Chapter 5660, Acts of 1907.

"Any manufacturer or dealer who shall misrepresent the proportion of ammonia and the source thereof, phosphoric acid and potash, or other ingredients contained in such fertilizers, cotton seed meal, castor pomace, tobacco stems, tobacco dust or tobacco meal, shall be fined five hundred dollars for the first offense and one thousand dollars for each subsequent offence." Sec. 3726 Gen. Stats. 1906, Compiled Laws, 1914.

The information alleges that the defendant corporation "was a manufacturer of and dealer in commercial fertilizer" and on a stated day "did misrepresent to one W. R. Hardee the proportion of available phosphoric acid and the proportion of potash contained in ten sacks of commercial fertilizers shipped by the said corporation, viz, The Coe-Mortimer Company, to one W. R. Hardee at White City in said County and State, by representing to said W. R. Hardee that the proportion of available phosphoric acid in said ten sacks of fertilizer was not less than eight per centum and by representing to one W. R. Hardee that the proportion of potash, $K_2O$, water soluble, in said ten sacks of fertilizers was not less than three per centum; whereas, in fact and in truth, the representations so made as aforesaid by the said corporation, The

Coe-Mortimer Company, to the said W. R. Hardee was and were, in all respects utterly false and untrue, to-wit: on the day and year last aforesaid in the county aforesaid, in this: that the proportion of available phosphoric acid in said ten sacks of fertilizers was then and there less than eight per centum, to-wit, six and ninety-eight hundredths per centum; and in this: that the proportion of potash, $K2O$, water soluble, in said ten sacks of fertilizers was less than three per centum, to-wit, one and sixty-three hundredths per centum."

The misrepresentation made an offense by the statute is that which is made in connection with a sale of the commercial fertilizers referred to in the statute.

The information does not allege that the defendant sold commercial fertilizer to the party to whom the misrepresentations are alleged to have been made; and from the allegation that the defendant misrepresented the chemical content of "ten sacks of commercial fertilizers shipped by the" defendant "to one W. R. Hardee," it is not necessarily to be inferred that the fertilizers were in fact *sold* to the consignee.

The statute also contemplates that the misrepresentation made an offense is as to the chemical analysis stated on the "label or tag" that is required to be attached to the package containing the commercial fertilizer that is sold.

This is a penal proceeding and the offense made punishable by the statute must clearly approve by the allegations of the information or by necessary inference from express allegations. Otherwise, the proceeding may be a denial of due process of law.

Where an information in a criminal prosecution does

23—Vol. 81

not contain essential allegations to state the offense, and the defect is fatal, it can not be cured by evidence; and relief by certiorari may be appropriate in the absence of appellate procedure where the penalty is a fine against a corporation, the writ of *habeas corpus* not being available as in case of illegal deprivation of personal liberty.

The information being fatally defective the judgment of conviction rendered by the County Court and affirmed by the Circuit Court is illegal and should be quashed. It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.