**JOSE PEREZ LORENZO**, as a partner, and as agent of the partnership of himself and the Estate of **MARCELINO GARCIA**, deceased, v. **HONORABLE S. J. MURPHY**, County Judge of Manatee County, ex officio Judge of the County Court of Manatee County, Florida, **WATERS F. BURROWS** and **ELSA S. BURROWS**.

32 So. (2nd) 421                                                  June Term, 1947
November 7, 1947                                                  En Banc

*M. Caraballo* and *Dewey A. Dye,* for appellant.

*Clyde H. Wilson* and *G. P. Smythe,* for appellees.

BARNS, J.:

Waters F. Burrows and Elsa S. Burrows filed their Petition in the County Court to remove tenants described by them as "Jose Perez Lorenzo, as a partner, and as agent of the partnership of himself and the Estate of Marcelino Garcia, deceased." In general they alleged that the Lessee, Manuel F. Lopez, had assigned said lease to Jose Perez Lorenzo and Marcelino Garcia, the latter having subsequently died, and that said assignment was in violation of the terms of the lease. This lease contained a provision against assignment as follows:

"9.  It is hereby understood and agreed that Lessee cannot sub-lease said property or any part thereof, or assign this lease, or any part of the term without written consent of the

Lessors, provided lessee may at any time or from time to time have a bona fide partner or partners associated with him in a partnership in the conduct of his Bar, Cafe and Restaurant business, and such relationship shall not be considered as a violation of this, or any covenant herein against subletting or assignment; should same be otherwise assigned or any part of the leased premises sublet without such written consent, then the lessors may, after giving lessee ten (10) days notice, terminate this lease and take possession of the leased property."

But it will be noted that the clause which contained said provision also contains the following language:

" . . . provided lessee may at any time or from time to time have a bona fide partner or partners associated with him in a partnership in the conduct of his Bar, Cafe, and Restaurant business, and such relationship shall not be considered as a violation of this, or any covenant herein against subletting or assignment; . . . "

Appellees notified Manuel F. Lopez that the lease had been terminated and then notified Jose Perez Lorenzo and Marcelino Garcia, who was then living, to the like effect. The proceedings to oust the named tenants were commenced after the death of Mr. Garcia.

In response to the court's summons, Lorenzo, appellant, answered by filing his affidavit on the 26th day of September, 1946, which in substance alleged that it was not true that Manuel F. Lopez had sold the cafe, bar, and restaurant business to affiant and Marcelino Garcia, in violation of the lease, nor was it true that the lease had been assigned as alleged; that appellees had been notified by Lopez that the said Lorenzo and Garcia were taking charge of said premises and would pay the rent; that a co-partnership had existed between the lessee, Lopez, the said Lorenzo and the said Garcia, and that Lorenzo and Lopez were the surviving co-partners; that Lopez had not been made a party to the suit and that the court was without jurisdiction to adjudicate the issues, owing to the failure of the appellees to make the said Lopez a party; that appellees, although they had full knowledge of all the above facts, failed to take any judicial steps to enforce their alleged

claim until they had ascertained that Lopez had gone to Spain and that Garcia had died.

To this Affidavit the appellees-plaintiffs filed a Demurrer and Motion to Strike and it was on this pleading that the Judge of the County Court made the pronouncement which gave rise to the Prohibition proceedings against him.

Appellees filed an amendment to the original Petition raising the objection that defendants could not be heard to defend themselves for the reason that said restaurant was operated by a partnership, under a fictitious name, and that said name had not been registered in accordance with Section 865.09, Florida Statutes of 1941.

To this amendment to the Petition Lorenzo further answered, setting forth that the defendant's proceeding had used the name "Garcia" or "Garcia's Restaurant," by virtue of an assignment of said name to Manuel F. Lopez in the lease of said premises and that by virtue thereof the appellees herein were estopped from setting up said defense and, in addition, contended that Section 865.09 did not apply, but that, if it did apply it would apply to the appellees equally.

The Demurrer above referred to came on to be heard before the County Court and the said Judge proceeded to state that in view of the allegation that these parties had not complied with the Fictitious Name Statute, Section 865.09, that he would proceed to enter a judgment sustaining said Demurrer and Petition and would enter a judgment dispossessing the tenants, whereupon the tenants instituted prohibition proceedings.

Upon a hearing on demurrer to the Suggestion and on motion to quash the rule nisi, final judgment was rendered by the Circuit Judge as follows:

"It is further ordered and adjudged that the defendant, S. J. Murphy, as Judge of the County Court of Manatee County, Florida, be and he is hereby restrained and prohibited from denying a trial to defendants in the cause pending in said Court wherein Waters F. Burrows and Elsa S. Burrows are plaintiffs and Jose Perez Lorenzo, et al., are defendants, because of or by virtue of any alleged violation of the said Fictitious Name Statute by said defendants or either of them,

and from entering any announced judgment against said defendants in said cause, based upon their failure or alleged failure to comply with said Fictitious Name Statute."

The petitioner for Prohibition, Lorenzo, not being satisfied with the foregoing judgment, brought an appeal to this Court and filed nine assignments of error, but argument by brief only goes to the charge that the Circuit Judge erred in that:

"(a) The writ grants only partial relief, the relief granted being supervisory.

"(b) The final judgment does not follow the rule nisi.

"(c) The judgment was rendered without requiring return from the Respondents."

The appellees on this appeal by brief argue the other assignments of error, 5 and 6, to-wit:

"(5) The court erred in granting to the defendants the rights to defend the within action regardless of their failure to comply with the Fictitious Name Statute.

"(6) The court erred in granting to the defendants any relief prayed for in their Suggestion for Writ of Prohibition."

In the case of Peacock, County Judge, et al. v. Miller, decided February 28, 1936, as reported in 123 Fla. 97, 166 So. 212, this court held:

"Prohibition does not lie to prevent or correct commission of errors on part of court that is proceeding within its jurisdiction."

In the case of Walters v. Blanton, County Judge, et al., decided December 8, 1936, as reported in 126 Fla. 428, 171 So. 230, this court held:

"Demurrer to suggestion for writ to prohibit county judge from exercising jurisdiction in suit involving unlawful detainer held sustained, where it did not appear from petition or suggestion for writ that County Judge was without jurisdiction to hear and determine issues involved, or that he had exceeded or was about to exceed his jurisdiction."

In the case of Adams, et ux. v. Lewis, et al., decided February 18, 1941, as reported in 146 Fla. 177, 200, 852, this Court speaking through Mr. Justice Elwyn Thomas, said:

" . . . proceedings in prohibition should be restricted to the field for which they were meant and not become a vehicle for

the determination of questions involving the correct or incorrect decisions of another court in matters in which that court has the authority to set."

Inasmuch as actual possession of the premises was in Lorenzo and, as he based his right as derived from the alleged partnership, and that the partnership derived its right to possession from Lopez, who is claimed to be a member of the partnership, personal service on Lopez was unnecessary.

Section 83.22, Florida Statutes 1941, provides that upon the filing of Petition for Removal of Tenant the:

"County Judge shall issue his summons describing the premises of which the possession is demanded and requiring the person in possession, or claiming the possession thereof forthwith to remove from the same or show cause . . . "

As to the Lessee, Lopez, not being made a party defendant, it must be recognized that the proceedings are partially in rem and partially personam—like replevin a mixed action—; and assuming but not deciding the partnership of the defendants to have been as Lorenzo set forth then likely there was virtual representation of Lopez by Lorenzo who was in a position to defend for the partnership as an entity with such consequences as may have followed by reason of the death of a partner.

Prohibition should not have issued in this cause. The County Court, under Florida Law (Section 83.28 through 83.38, Florida Statutes) is the court having jurisdiction of removal of tenant proceedings and it has not been shown that the County Court had usurped jurisdiction over the parties or subject matter with which it was not vested, nor has it been shown that action was threatened which would be in excess of and beyond the jurisdiction of the County Court.

It appears that the Circuit Judge came to the correct conclusion on the law as applied to the facts and that the County Judge was about to commit an error but prohibition was not the proper means of review. It appears that certiorari may have been the proper procedural remedy.

Crandall in distinguishing prohibition from certiorari states that:

"Prohibition is to prevent the tribunal from acting in excess of power while certiorari is to remedy the consequent evils of such action." Crandall's Common Law Practice, p. 655. —and that:

"Certiorari is not limited to an inquiry as to jurisdiction but extends to the manner in which that jurisdiction is exercised. It does not review questions of fact, yet the court may, on certiorari, examine the evidence and determine whether there is sufficient evidence to justify the finding of the inferior court and such, it is submitted, has been the practice of the Supreme Court of this state, notwithstanding its averments to the contrary. The writ, as previously stated; is discretionary and what the framers of the constitution evidently intended was to cut off the right of appeal from the Circuit Court in certain cases as a matter of right, not to take from the Supreme Court the power to prevent injustice." Ibid, p. 654.

Which authority cites the following cases: Basnet v. Jacksonville, 18 Fla. 523; Edgerton v. Green Cove Springs, 18 Fla. 528; Deans v. Wilcoxon, 18 Fla. 531; Jacksonville, T. & K. W. R. Co., v. Boy, 34 Fla. 389, 16 So. 290; Hunt v. Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am. St. 214; Mernaugh v. Orlando, 41 Fla. 433, 27 So. 34; Seaboard Air Line R. Co., v. Ray, 52 Fla. 634, 42 So. 714; Louisville & N. R. Co., v. Sutton, 54 Fla. 247, 44 So. 946; Ragland v. State 55 Fla. 157, 46 So. 724; Malone v. Quincy, 66 Fla. 52, 62 So. 922; Ann Cas. 1916D, 208; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 So. 550; Benton v. State, 74 Fla. 30, 76 So. 341; Harrison v. Frink, 75 Fla. 22, 77 So. 663; First Nat. Bank v. Gibbs, 78 Fla. 118, 82 So. 618; Western Union Tel. Co. v. O. H. Wright & Co. 79 Fla. 600, 84 So. 604; Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. 475. And that:

" . . . A careful reading of the review of the English authorities made by Justice Campbell in Jackson v. People, 9 Mich. 111, 77 Am. Dec. 491, forces the conclusion that the appellate court should on certiorari, in cases where there is no remedy by appeal or writ of error, inquire into all errors of law affecting the merits of the case. . . . " Ibid, p. 653.

In considering whether a certiorari ought to be granted

words "no remedy by appeal" as contained in the foregoing citation may be extended to mean "no adequate remedy by appeal" when a palpable miscarriage of justice or substantial injury to legal rights is about to occur.

In this class of cases the appeal by the tenant in event of an adverse judgment cannot operate as a supersedeas which fact may be very material in determining whether or not there is an adequate remedy by appeal.

Petition for Certiorari has been denied by Supreme Court when adequate provisions for review by *certiorari* from or appeal to the Circuit Court had been provided. Halliday v. The Jacksonville and Alligator Plank Road Company, 6 Fla. 304. Jurisdiction to issue writs of certiorari has been conferred on the Circuit Court by the Constitution (see Art. V. Sec. 11, Florida Constitution), which writs are not grantable as of course, but in the exercise of sound judicial discretion.

The judgment appealed is reversed.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., and HOLT, Associate Justice, concur.