Ex Parte Mrs. Emma Harris *et al.*

Opinion Filed June 4, 1921.

Where replevin is brought by a married woman as plaintiff, and a motion by her counsel that her husband "be joined with her as a party plaintiff" is granted, and judgment is rendered against the married woman "joined by her husband plaintiffs," and G. and S. "the sureties on the plaintiffs' bond," both for the property and for damages, the judgment is not void and will not be quashed on *certiorari.*

Writ of certiorari quashed.

*W. B. Shelby Crichlow* and *Isaac Breeding, Jr.,* for Petitioners;

*W. L. Kimball,* Contra.

Whitfield, J.—A writ of certiorari issued from this court to review the record of an order made by the County Court of Manatee County, the Circuit Judge having dismissed an appeal taken from the order.

Proceedings in replevin were instituted by "Mrs. Emma Harris, plaintiff." The action involved property valued at $300.00, and damages in $100.00 were claimed. A motion made by counsel for Mrs. Emma Harris "that her husband, R. T. Harris, may be joined with her as a party plaintiff," was granted. Judgment was rendered for the defendant against "Mrs. Emma Harris, joined by her husband, R. T. Harris, plaintiffs, and O. D. Groff and John M. Stansfield, the sureties on the plaintiffs' bond," both for the property and for damages. A motion to vacate the judgment on the ground that it is void was denied. An appeal from the order denying the motion was dismissed by the Circuit Court.

The County Court had jurisdiction of the subjectmatter. Sec. 18, Art. V, Constitution; Sec. 2034, Gen. Stats., 1906, Compiled Laws, 1914, Sec. 3325, Rev. Gen. Stats., 1920. The parties submitted themselves to the jurisdiction of the court.

An appeal is the proper procedure by which a Circuit Court may review a final adjudication made in a civil action by a county court. Chap. 7441, Acts of 1919. If the order appealed from was appealable, the dismissal of the appeal left the judgment of the county court unaffected by the appeal taken.

The married woman was the plaintiff, and if the judgment for damages obtained against her and others is invalid as to her, she is not injured because, if invalid, the judgment as to her can not be enforced. The other parties, the sureties on the replevin bond, against whom the judgment was rendered are not relieved of their liability for damages because the judgment is invalid as against the married woman. If the husband is a mere formal party and judgment for damages can not be enforced against him, he is not injured. The sureties became parties by virtue of the bond given by them in the cause, and the judgment for damages as to them is not void, even if it cannot be enforced against their principals. The terms of the bond impose liability on the sureties.

The judgment as to the property is binding on the married woman who *brought the action* in her own name and afterwards sought to join her husband as a party plaintiff. The husband asserted no interest in the property and he is not injured by the judgment awarding the property to the defendant.

The appeal to the Circuit Court if proper procedure

was taken by all parties against whom the judgment was rendered, and the judgment is not shown to be void as to all of them.

If the Circuit Court had any jurisdiction of the cause by virtue of the appeal taken to that court, no harm resulted in the dismissal of the appeal.

The writ of certiorari will be quashed. First National Bank of Gainesville v. Gibbs, 78 Fla. 118, 82 South. Rep. 618; Benton v. State, 74 Fla. 30, 76 South. Rep. 341.

It is so ordered.

TAYLOR, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., dissents.

BROWNE, C. J., dissenting.

I think the judgment of the County Court was void, and should have been reversed on appeal.

Mrs. Emma Harris, a married woman, instituted a replevin suit in her name and in her own behalf for the purpose of recovering possession of part of her separate statutory personal property. A replevin bond was executed by Mrs. Harris as principal and O. D. Groff and J. M. Stansfield, as sureties.

The defendant filed three pleas, one of which was a plea in abatement, that set out that Mrs. Harris at the time of the institution of the replevin suit was a married woman, and that she had instituted the suit in her own name and on her own behalf, contrary to law. The attorney for Mrs. Emma Harris attempted to cure the fatal

defect pointed out in the plea in abatement, by filing a motion asking that her husband, R. T. Harris, "be joined with her as a party plaintiff to said suit and proceedings in replevin brought thereunder, the said amendment to date back to the time of the institution of the said suit, and apply to all proceedings that have taken place throughout the course of said suit." This motion was granted.

Mrs. Harris was not authorized by law to bring this suit in her own name, and the joinder of her husband in the action was necessary before the court acquired jurisdiction of the cause.

Sec. 2566, Revised General Statutes, provides: "It shall be the duty of the court, at any time before the trial of any cause to order that any person not joined as plaintiff in such cause shall be so joined;  *  *  *  if it shall appear to such court or judge  *  *  *  that the person to be added as aforesaid consents, either in person or by writing or by attorney, to be so joined."

This statute does not contemplate that a person who may not desire to be a plaintiff in a suit can be forced to become so, at the will of any party instituting the suit.

There is nothing in the record to show that Mrs. Harris' husband, Mr. R. T. Harris, consented "in person or by writing or by attorney" to be joined as a party to the suit, but the plaintiff sought to drag him into the case *nolens volens*.

As he was not made a party plaintiff in the manner provided by the statute, he never became a party plaintiff, and the order of the County Judge making him a party plaintiff without his consent, was not authorized by the statute and was void.

The case presented by the record is that of a married woman conducting to final judgment a replevin suit in her own name without her husband being a party plaintiff. In such a proceeding the judgment of the court that the "Defendant, J. S. Sweet, do have and recover of and from the said Mrs. Emma Harris, joined by her husband, R. T. Harris, Plaintiffs, and O. D. Groff and J. M. Stansfield, the Sureties on the Plaintiff's Bond, the possession of the goods and chattels described in the Plaintiff's Declaration, * * * and recover of and from the said Mrs. Emma Harris, joined by her husband, R. T. Harris, Plaintiffs, and O. D. Groff and John M. Stansfield, the Sureties on the Plaintiff's Bond, the sum of One Hundred Twenty-five and no/100 Dollars, ($125.00) for the damages in this behalf recovered, together with the further sum of $14.55 for his costs in this behalf expended" is a nullity.

It is beside the question to say that if the judgment for damages against her, and her husband is invalid, no harm is done them because it cannot be enforced against either of them.

The question involved is fudamental, and involves the right of a married woman to conduct a suit in replevin without her husband being a party. Such procedure is not known to our law, and a judgment on such a suit cannot affect the rights of any one.