This cause is here upon writ of error for a review of a judgment for the defendant (defendant in error) in a replevin proceeding for the possession of an automobile. The evidence discloses that the plaintiff (plaintiff in error) purchased a certain note and reserved-title contract given to McDonald Motor Sales Co., an automobile dealer, by one Moger for one "Peerless" motor vehicle, the said purchase being evidenced by an assignment which also transferred all right, title and interest of the assignor in and to the property, which said assignment indicates that the motor vehicle referred to therein was new while inferentially other evidence indicates it had been used; that upon default in the payment of an instalment of the purchase price when due, the plaintiff in the exercise of a right given to him by the contract replevied the automobile. It was also shown by the evidence that the owner, one Lee, had stored the automobile at the place of business of the dealer McDonald Motor Sales Co., for sale for cash by the dealer, with the understanding that when a sale was made, the cash was to be paid over to the agent of the owner who would then deliver a bill of sale for the automobile; that the dealer was engaged in handling "Peerless" motor cars and that he "went broke" about the time he made the transfer of the note and contract to plaintiff; that thereupon, the agent of the owner, Lee, acting upon instructions from *Page 930 
his principal, obtained possession of the property, the same having been surrendered to him by the supposed purchaser when the purchaser was shown he could not obtain good title to the automobile. The property was at this time in the place of business of the dealer.
After the plaintiff closed his case the court granted a motion of the defendant for a directed verdict in his favor. The plaintiff thereupon made a motion for a new trial upon the grounds that the verdict was contrary to the evidence, the weight of the evidence and the law, and that the court erred in directing a verdict for the defendant.
This Court has held that the power of directing a verdict is a delicate one and should be cautiously exercised; (Cameron 
Barkley Co., v. Law-Engle Co., 98 Fla. 920, 124 So. 814; that a motion for a directed verdict admits facts in evidence and every conclusion favorable to adverse party that the jury may reasonably infer therefrom (Alhambra Groves v. Cody, 99 Fla. 448, 126 So. 749; Briggs v. Mann, 95 Fla. 31, 116 So. 2); and that where there is some substantial evidence tending to prove the issue for the plaintiff, a verdict should not be directed for the defendant. Cason v. Florida Power Co., 74 Fla. 1, 76 So. 535 L. R. A. 1918A 1034; Florida Cent. P. R. Co. v. Williams, 37 Fla. 406, 20 So. 558.
The fact that the automobile was left for sale with the dealer is not disputed A conditional-sale contract was received in evidence and no effort was made to impeach it. Whether its execution by the purchaser was proved at the time it was offered in evidence is a question that is not before us for a decision.
The assignment of the contract which recited that "the agreement * * * and the note therein mentioned * * * *Page 931 
and the property therein described, and all the right, title and interest therein of * * * seller, are hereby sold, assigned, and transferred" to the plaintiff, was also admitted in evidence and there is nothing in the transcript to suggest that the plaintiff was not a bona fide holder for value and in possession of the said contract and the said note. The supposed purchaser took possession of the automobile, else the automobile could not have been placed in possession of the defendant by him. Notwithstanding such facts being shown in evidence, it is insisted by the defendant that because the dealer did not sell for cash and because the sale was not to be consummated until the purchase price was paid in cash to the defendant and the defendant had delivered a bill of sale transferring title to the automobile, such sale was ineffective as to the owner.
While the case of Glass v. Continental Guaranty Corporation,81 Fla. 687, 88 So. 876, 25 A. L. R. 312, is not on all four's with the one here, the facts of each are sufficiently alike for the following language of Mr. Justice Whitfield, speaking for the Court, to be applied here:
 "It is a general principle, applicable to traffic in personal property that no one can transfer or confer a better title than he has, unless some principle of estoppel operates to bar a claim under an otherwise better title. The mere possession of chattels, by whatever means acquired, if there is no other evidence of property rights therein, or of authority to sell, given by or for the true owner, will not enable the possessor to give a good title. 24 R. C. L. 374-377. But the true owner may under some circumstances be estopped to claim against a bona fide purchaser for value. See *Page 932 
Edwards v. Baldwin Piano Co., 79 Fla. 143, 83 So. 915.
 "In England, at common law, a sale in market overt confers a title upon a bona fide purchaser, though the seller had no title whatever; but in this country there are no such markets, and the principle of title acquired by purchase and sale in market overt does not obtain. 24 R. C. L. 378.
 "The mere possession of personal property is only prima facie evidence of title; and a purchaser of personal property from one who has only the possession of the property under an incomplete conditional sale cannot in general defeat a recovery by the true owner, although such purchaser bought for value and without notice. See Campbell Printing Press Manuf'g. Co. v. Walker, 22 Fla. 412, 1 So. 59; Fairbanks, Morse Co. v. Eureka Co., 67 Ala. 109; Marvin Safe Co. v. Norton, 48 N.J. Law, 410, 7 A. 418, 57 Am. Rep. 566; Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 So. 597; Lanier v. Chancy, 76 Fla. 443, 80 So. 312.
 "But where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership, or of authority to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser, who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment, or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title. See Bent v. Jerkins, 112 Ala. 485, 20 So. 655; 24 Am. Eng. Encyc. Law (2d Ed.) 1165; Mechem on Sales, Secs. 157, 166; 35 Cyc. 680; American Process *Page 933 
Co. v. Florida White Pressed Brick Co., 56 Fla. 116, text 120, 47 So. 942, 16 Ann. Cas. 1054.
 "Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetuate (perpetrate) the wrong or cause the loss. American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, text 121, 47 So. 942, 16 Ann. Cas. 1054."
In the instant case the dealer had not merely the possession of the automobile; he was the owner's agent and had authority from him to sell it. Moreover the dealer handled "Peerless" automobiles at his place of business. From the standpoint of a prospective purchaser, these facts tend to show that the dealer was vested with indicia of ownership. He was held out by the owner if not actively, certainly by acquiescence or by want of due care, as the owner. In other words the owner had made it possible for the dealer to make an unauthorized sale of the automobile to Moger without fault on the part of the latter. There is nothing in the record that tends to show fraud or bad faith on the part of Moger, and presumably he was a purchaser without notice that the automobile belonged to someone other than the dealer. If the contract and note had not been transferred by the dealer and payment had been made to him by the purchaser, the owner would be estopped from claiming as against the purchaser. Glass v. Continental Guaranty Corporation, supra; Rice v. Myers, 83 Fla. 363, 91 So. 272; Sandlin v. Townsend, 90 Fla. 718, 107 So. 191. But since the purchase price was represented by a negotiable promissory note given in connection and identified with the conditional-sale contract and the purchaser *Page 934 
agreed in the contract that the title to the property "shall remain vested in and be the property of the seller or assigns until the purchase price has been paid in full", the transfer for value and presumably in good faith of the right, title and interest of the dealer in the property together with the transfer of the note and contract just as certainly vested the title to the automobile in the plaintiff, who presumably acted in good faith, and gave to him the right to take possession thereof upon default of the purchaser in making payments in the manner agreed upon, as if plaintiff had purchased the property for value and in good faith directly from the dealer and paid the purchase price in cash.
No wrong would have been done, nor loss incurred if the owner had not made it possible by leaving his automobile with the dealer for sale, and since one of two innocent parties must suffer, the loss must fall upon him who created the circumstances that caused it. See authorities supra; also 2 C. J. 460, 882; 10 R.C.L. 695; 24 R. C. L. 378-9; Kearby v. Western States Securities Co., 31 Ariz. 104, 250 P. 766.
In Commercial Credit Co. v. Hardin, ___ Ark. ___300 S.W. 434, wherein the facts are similar in many respects to the facts in this case, but dissimilar in that the sale was fraudulent, the Supreme Court of Arkansas applied the principle last stated in the quotation from Glass v. Continental Guaranty Corporation, supra, when it held that as between the original owner and the innocent purchaser of notes and sales contract derived from the automobile sale, the original owner must bear any loss, since he placed it within the power of the dealer to commit the fraud.
The defendant in error contends that the assignment *Page 935 
of the sales contract was to Commercial Credit Company of Florida, and that it does not appear to have been assigned to the plaintiff. The agent of the plaintiff who handled the transaction testified in substance that the papers in evidence were purchased from the McDonald Motor Sales Co., the dealer, and came to him at the Tampa office, attached to a draft, which he paid and that the plaintiff has "at all times since acquiring the contract been the owner of the same." If the question involved in this contention can be raised after plaintiff rested its case, we think that the evidence adduced, in the absence of contrary evidence, was sufficient to identify the plaintiff as the intended assignee and that the misnomer should not be regarded as affecting its rights. See 14, C. J. 324.
There was substantial evidence before the jury that tended to prove the issue for the plaintiff and the case should have been submitted to them. It follows that the court erred in directing a verdict for the defendant and also erred in denying the motion for new trial. The judgment is reversed and the cause is remanded with directions that a new trial be had.