F. A. HAMWAY, trading and doing business as F. A. HAMWAY AMUSEMENT COMPANY, Petitioner, v. SEABOARD AIR LINE RAILWAY COMPANY, a Corporation, *Respondent*.

Division A.

Opinion filed May 19, 1931.

*Thomas W. McIlvain,* for Petitioner;

*Fleming & Fleming* and *C. H. Lichliter,* for Respondent.

ELLIS, J.—F. A. Hamway doing business as Hamway Amusement Company sued the Seaboard Air Line Railway Company in the Civil Court of Record for Duval County for damages for the loss of a gasoline motor which was contained in a baggage car which the plaintiff delivered to the defendant at Fernandina, Florida, consigned to the plaintiff at McIntosh, Georgia.

The declaration alleged that the defendant negligently left the doors of the baggage car open and unlocked so that

in transit the gasoline motor fell from the car and was lost. The value of the motor, was alleged to be $628.31 and was used by the plaintiff as part of his show or ferris wheel and merry-go-round equipment. The demurrer was overruled and the defendant interposed its pleas which were not guilty; that an agent of the plaintiff opened the door of the car and through his negligence the gas motor was lost. An amended third plea averred that the shipment was an interstate movement and was controlled by the provisions of the Special Car and Train Tariff on file with the Interstate Commerce Commission known as Agent W. H. Howard's Special Car and Train Tariff No. 8338, Interstate Commerce Commission No. H 711, which among other things required the plaintiff to assume responsibility for properly securing all doors to the car and so loading the property as to prevent damage or loss in transportation. The fourth and fifth pleas were addressed only to the reduction of damages.

An additional sixth plea averred that the Special Car and Train Tariff referred to in the amended third plea provided that the plaintiff should assign a man to safeguard the property while in the car in transit and that the plaintiff did assign a man as required so that there was no responsibility upon the defendant. An additional seventh plea averred that the Special Tariff referred to required the plaintiff as owner of the property to assume responsibility for any loss of property occasioned by the negligence of the owner or his employees. The plea averred that the loss was occasioned solely by the negligence of the plaintiff in failing to properly care for the property in transit.

The Special Tariff referred to in the pleas contains the clause set up in the pleas and was in evidence at the trial.

There was a verdict of not guilty for the defendant and judgment entered in its behalf. A motion for a new trial was denied and an appeal was taken by the plaintiff to the Circuit Court, which affirmed the judgment of the Civil Court of Record. The judgment of affirmance was rendered on the 26th day of January, 1929.

The plaintiff in February, 1929, applied to this Court for a writ of certiorari to the Circuit Court requiring the certification to this Court of the record of the proceedings in the cause.

The petitioner contends that the trial court should not have allowed the amended third plea and the additional sixth and seventh pleas because the Special Car and Train Tariff No. 8338 on file with the Interstate Commerce Commission, known as I. C. C. No. H 711 is void and of no force or effect as applied to the plaintiff's case because the provisions applicable to the case are nullified by an amendment to Section 20 of the Interstate Commerce Act of June 29, 1906, which permits a common carrier to limit recovery as to "amount recoverable or declared value" only and that limitation may be imposed where there are two or more rates of tariff between which the shipper might choose but not otherwise and further that the tariff applied in this case exempted the carrier from liability for its own negligence. This contention was decided against the plaintiff in both the trial and appellate court and the petitioner says that such procedure was not in accordance with the essential requirements of the law.

This question relates to the merits of the cause and in no wise affects the jurisdiction of the courts or the external proceedings in the cause. See Benton v. State, 74 Fla. 30, 76 South. Rep. 341; Ex parte Harris, 81 Fla. 797, 89 South. Rep. 127; First Nat. Bank of Gainesville v. Gibbs,

78 Fla. 118, 82 South. Rep. 618; F. E. C. R. Co. v. George, 91 Fla. 42, 107 South. Rep. 266.

The question whether the court erred in admitting the pleas and thus holding the tariff valid or contract under which the plaintiff shipped the article alleged to have been lost is not properly reviewable in this proceeding even if the tariff rate bears the construction contended for by the plaintiff because the trial court had jurisdiction of the cause and this court would have to examine the evidence presented by the bill of exceptions to determine its sufficiency to support the verdict even if the burden was cast upon the defendant to show its freedom from negligence in the transportation of the article alleged to be lost. There is no question presented in this record as to the jurisdiction of the trial or appellate court or that either of them was guilty of a palpable abuse of power to determine the controverted facts or that there was any serious misconduct in the findings of fact and consequent material injury to the petitioner. See A. C. L. Ry. Co. v. Fla. Fine Fruit Co., 93 Fla. 161, 112 South. Rep. 66.

The court has in many cases explained the function of the writ of certiorari and the power of the Supreme Court under the writ  The distinction between the supervisory power of the court and its duties as an appellate court. F. E. C. Ry. Co. v. George, *supra;* Benton v. State, *supra;* Ragland v. State, 55 Fla. 157, 46 South. Rep. 724.

In the latter case the distinction between an "illegal" and "erroneous" action of the trial or appellate court is clearly made. "Certiorari", said the Court, "extends only to illegal proceedings that appear of record". See also 11 C. J. 105.

Even if the trial court is deemed to have erred in its conclusion as to the law applicable to the facts in the case

the error may not be reviewed on certiorari where the writ is addressed to the Circuit Court as the court under the Constitution of final appellate jurisdiction. See Hunt v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398.

Upon the evidence submitted the court determined that the petitioner was bound by all the terms of Special Car and Train Tariff even though he did not sign it. That under certain circumstances a shipper may be bound by the valid provisions of the special rate although he does not actually sign the contract is well established. See Boston & M. R. R. Co. v. Hooker, 233 U. S. 97, 58 L. Ed. 868, 34 Sup. Ct. Rep. 526, L. R. A. 1915 B 450; W. U. Tel. Co. v. Steve Bros. & Co., 256 U. S. 566, 65 L. Ed. 1094, 41 Sup. Ct. Rep. 584.

The contract was not one which exempted the carrier from loss due to its own negligence and was therefore a valid contract in so far as it placed the responsibility upon the petitioner if the loss was due to his negligence or carelessness  Such an agreement is valid under the Carmack Amendment. Adams Express Co. v. Croninger, 226 U. S. 491, 57 L. Ed. 314, 33 Sup. Ct. Rep. 148; Missouri, K. & T. R. Co. v. Harriman, 227 U. S. 657, 57 L. Ed. 690, 33 Sup. Ct. Rep. 397.

What the evidence discloses as to the circumstances in which the shipper delivered his property to the respondent for transportation the court will not determine. The goods were shipped, he obtained the benefit of the lower rate for the transportation of himself and property, accepted it and the court held that in the circumstances he was bound. The sufficiency of the evidence to support that conclusion will not be determined in this proceeding as the evidence will not be examined for that purpose.

The writ is quashed.

BUFORD, C.J., concurs.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur in the conclusion.