T. MARRIOTT v. R. C. MEADOWS

189 So. 415
Division A
Opinion Filed June 2, 1939

*Alto Adams* and *D. C. Smith,* for Petitioner;

*Vocelle & Mitchell,* for Respondent.

BUFORD, J.—Petitioner here filed replevin suit in the County Court of Indian River County. On trial judgment was in favor of defendant. Plaintiff in that suit took writ of error to the judgment and on hearing in the Circuit Court the following judgment was entered:

"This is a suit in replevin on appeal brought by the plaintiff below from the County Court in Indian River County.

"The questions presented as indicated by the briefs are, it seems:

"First: Whether or not the evidence supports the verdict.

"Second: Whether or not Section 5348 C. G. L. 1927, applies; that is, whether or not the defendant in error, as against this plaintiff, has only a special interest in the property replevied.

"It would appear from an examination of the record, and under the law as announced in the case of Commercial Credit Company v. Parker, 123 So. 640, that the jury was warranted in finding for the defendant, and that under the same authority when the defendant Meadows purchased the property in question from the St. Lucie Motors, Inc., where the plaintiff in error had left it for sale, or under such circumstances as would in law authorize the sale, so far as the defendant in error is concerned, that said plaintiff lost all rights in the car in a suit of this kind as against this defendant. That being so, he would be a mere stranger in the action and 'If the unsuccessful claimant in a replevin action is a stranger, having no interest therein, the recovery is not limited to such special interest or lien but the full value is recoverable.' 23 R. C. L. Section 82, page 917.

"IT THEREFORE follows that the judgment should be affirmed.

"IT IS SO ORDERED, ADJUDGED AND DECREED that the judgment herein be, and the same is, hereby affirmed.

"Costs herein assessed against the plaintiff in error.

DONE AND ORDERED in Chambers at Titusville, Brevard County, Florida, this 7th day of July, A. D. 1938.

"M. B. Smith, Circuit Judge."

The record shows that the plaintiff delivered the subject-matter of the replevin suit, an automobile, to St. Lucie Motors, Inc., a corporation doing business in St. Lucie County, to be sold by St. Lucie Motors, Inc., and retained title to the automobile, but that the defendant was without knowledge of any such retention of title or any infirmity in the title of such automobile in St. Lucie Motors, Inc.

The record further shows that St. Lucie Motors, Inc., sold the automobile to the defendant under retain title contract; that the plaintiff, Marriott, was a stranger to the contract between St. Lucie Motors, Inc., and R. C. Meadows. Therefore, the rule stated in Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640, where it was held:

"Where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership or of authority to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title," is applicable in this case.

Because of the application of the legal principle above

stated, Section 1 of Chapter 9320, Acts of 1923, Section 5348 C. G. L., is not applicable. See Intertype Corporation v. Pulver, 2 Fed. Supplement Vol. 2, page 4; 23 R. C. L. 908.

The plaintiff was not a general owner and, so far as the record shows, was a stranger to defendant's title.

Other questions presented have been considered and the record examined in connection therewith and we find them without merit on review by certiorari. See Hemway v. Seaboard Air Line Ry. Co., 101 Fla. 1483, 136 So. 628.

For the reasons stated, the writ is quashed and the cause dismissed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 2-1A of the Rules of this Court.