RAY WOODS, etc., v. JAMES E. THOMPSON

31 So. (2nd) 62                                June Term, 1947
June 20, 1947                                        Division B

*Carey & Harrison,* for appellant.

*James T. Smith,* for appellee.

BARNS, J:

Appellant-plaintiff brought a replevin action and upon trial the verdict was "for the defendant" and the trial court entered a final judgment that defendant recover the automobile in the hands of the sheriff.

Motion for new trial was denied and plaintiff appeals and assigns as grounds for appeal six alleged errors of the trial judge.

The first assignment of error complains that the trial judge erred in not directing a verdict for the plaintiff.

The second and third assignments of error complain of the trial judge, in this replevin case, having given the jury a charge on the law relating to the consignment of personalty to a factor. In the present case there was no controversy involving the law relating to consignee or factors. In the case of Marriott v. Meadows, 138 Fla. 436, 189 So. 415, the rights of the parties were directly affected by the law relating to factors. These charges given seem to have been taken from this case and the authorities therein cited.

The fourth assignment of error complains about the trial judge charging the jury upon the law as contained in Section 319.15 F. S. 1941, F. S. A. relating to the enforcement of Liens against motor vehicles and subsequently purchasers and the rights of the lienor when the lien is not recorded, etc.

The fifth and sixth assignments relate to the form of the verdict and judgment.

The record brought here by appellant shows that one Abner negotiated with appellant (in Dallas, Texas) for the purchase of the car; that Abner was given an invoice for the car in exchange for some checks; that one of Abner's checks for payment was dishonored; that Abner brought the car to Florida and sold it to defendant-appellee using a forged title certificate of Arkansas to evidence his title; that the car was delivered to Abner in exchange for two checks one of which was a traveler's check but the title certificate was to be withheld until Abner's personal check cleared, which it did not.

The prime question is whether or not there was a "sale." It is our conclusion that there was sufficient evidence for the jury to conclude there was a sale. It is a matter of law that it was voidable as between the parties but that a bona fide purchaser for value will be protected under the circumstances. An important question is whether the delivery was conditional upon the check being honored by the bank upon which it was drawn or whether the seller waived payment in cash at time of delivery, subject to his rights and remedies in event the check was not honored.

" . . . Where under the terms of the sale the title passes to the buyer, though the seller had the right to retain the possession until the price was paid, and the buyer wrongfully acquired possession without payment, it has been held that the buyer, in replevin to regain possession, must found his complaint on his special property and is not entitled to recover under a complaint alleging an absolute title. It would be otherwise, however, if no title had passed to the buyer." 23 R. C. L. 1388.—and

"Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetuate (perpetrate) the wrong or cause the loss. American Process Co. v. Florida White Pressed Brick Co. 56 Fla. 116, text 121, 47 South 942, 16 Ann. Cas. 1054." Commercial Credit Co., Inc. v. W. M. Parker, 101 Fla. 928, 933, 132 So. 640.

As between the parties the sale was voidable but considering that the subject matter was an automobile capable of being speedily moved to any part of the country, that there is evidence that part of the purchase price was actually paid, that plaintiff gave Abner an invoice reciting there was no collateral agreement or understanding and that the law favors bona fide purchasers for value, it is our conclusion that the record supports the verdict.

It appears that the trial judge did not err in denying plaintiff's motion for a directed verdict; that his charge relating to consignment to factors was irrelevant to the issues but no harm has been made to appear; that the law relating to the

enforcement of liens was likewise irrelevant and harmless; and that if the verdict and judgment are not in the proper form that it will in nowise prejudice the plaintiff.

Affirmed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.