SWANN, Judge.
This is an appeal by Universal C.I.T. Credit Corporation, defendant below, from a summary final judgment for the plaintiff in a replevin action. The parties will be referred to as in the trial court
On January 21, 1964, an automobile was purchased by a third party on an installment contract from Matthews English Motors, Inc. (Hereinafter Matthews). The contract was assigned to plaintiff, General Finance Corporation of Florida, with a repurchase agreement by Matthews. The car was repossessed by the plaintiff after default on the installment contract.
Prior to this, Matthews and defendant had executed a Statement of Trust Receipt Financing, which was filed with the Secretary of State and renewed on April 1, 1964. Pursuant to this arrangement (commonly referred to as “floor planning”), a trust receipt transaction took place on April 20, 1964 between defendant and Matthews, which included the subject automobile.
' When the trust receipt was executed, defendant’s branch manager was told by the agent of Matthews handling the financing that (1) the vehicle was in the possession of Matthews; and (2) the retail installment contract on the automobile was held by the plaintiff; and (3) there was due thereon approximately $3,300.00. A signed check of Matthews, dated April 22, 1964, payable to the plaintiff in the exact amount of the obligation owed on the automobile, was shown to defendant’s branch manager, who was told that the check would be delivered to plaintiff and the title to the auto in question obtained (in the name of Matthews, and subject to the lien of the defendant).
On April 22nd the check was presented to the plaintiff and the Certificate of Title was given to Matthews, showing that plaintiff’s lien was satisfied and acknowledging full payment thereof. Matthews later stopped payment on the check in question, and both the title and automobile were returned to plaintiff. Subsequently, asserting ownership under the trust receipt of April 20th, defendant took possession of the car.
Plaintiff instituted the present action in replevin, asserting itself to be lawfully entitled to the possession of the automobile, based on its title arising under the Installment Contract with the original purchaser. Possession of the vehicle was delivered to plaintiff after a replevin bond was posted. Defendant answered and counterclaimed, asserting that a superior lien was created by the trust receipt because the plaintiff had accepted the check and delivered title certificate with its lien marked “satisfied”.
Both parties moved for summary judgment, and after consideration of the pleadings and affidavits, plaintiff’s motion was granted and final judgment entered in its favor. This is an appeal from the summary judgment.
The case of Volusia Discount Company v. Alexander K-F Motors, Fla. 1956, 88 So. 2d 302, is similar to the instant case. There, judgment for the plaintiff was reversed on the grounds that the evidence was sufficient to raise a material issue of *104 fact as to whether the auto dealer acquired title which inured to the benefit of the finance company. Justice Thornal stated for the court:
* * * * * *
“It is, therefore, apparent that if the dealer in this case acquired title to the three automobiles, such title automatically inured to the benefit of the Discount Company. That was the question to be decided in the trial court and on this question there appears to be conflicting facts and circumstances which would justify a full trial of the cause. While the record shows that the dealer gave worthless checks to pay the purchase price to the distributor, it also contains statements indicating testimony on which a jury might have found that the distributor had accepted the checks of the dealer in payment and had delivered to the dealer an unequivocal invoice tantamount to a bill of sale as between them evidencing payment of cash on delivery. * * * ” (Emphasis added)
* * * * * *
“From all that appears in this record on the motion for summary judgment it could be concluded that the distributor deemed himself paid in the form of the dealer’s check, that he was willing to run this risk and that he transferred title to the automobiles to the dealer and assumed the risk of payment therefor knowing all tire while that the dealer was hard-pressed and with information that the dealer had ‘floor planned’ the cars. In addition there appears to be substance to the appellant’s contention that even though the distributor felt that he was retaining title to these automobiles contingent on ultimate payment of the checks) there is evidence, sufficient at least to justify a full trial, to indicate that he waived such right as against the floor planning finance company by executing the unequivocal bill of sale that subsequently was exhibited to the finance company as evidence of the dealer’s title and as indicating that the security interest of the finance company was adequately protected by the unrestricted title transferred to the dealer. Compare Woods v. Thompson, 159 Fla. 112, 31 So.2d 62.”

As in Volusia, supra, there are conflicts oil material issues of fact in this cause. The question of whether the actual title to the automobile ever vested in Matthews, as a result of the delivery and acceptance of the check, and the delivery and acceptance of the title certificate with the lien marked “satisfied”, raises questions of fact which should be decided by a jury upon a trial of the cause.
Reversed and remanded.