HENDRY, Chief Judge.
This is an appeal by the defendant, Richter’s Jewelry Co., Inc., from a summary-final judgment in favor of the plaintiff,. Frank’s Fine Jewelry, Inc., following a suit in replevin to recover possession of a diamond ring.
On Saturday, May 9, 1964, Harry Weis-man purchased a diamond ring from Saul Wolfe, president of the plaintiff corporation. ' As payment, Wolfe accepted a check in the amount of $1,210.00. Printed upon, said check was the caption, “Roma Fashions, Inc.” Weisman signed in his individual capacity under the name of the corporation. Weisman, who was introduced to Wolfe about one month prior to the transaction by a customer of long standing, rep *38 resented that he was the owner of Roma Fashions. Weisman told Wolfe that he was going to give the ring to his fiancee at an engagement party the following day. Wolfe did not give Weisman a bill of sale for the ring.
On Monday, May 11, 1964, Wolfe requested that his bank verify that Roma Fashions had funds to cover the check. It was thereupon discovered that the Roma Fashions’ account had been closed and that Weisman was not authorized to sign checks for or on behalf of Roma Fashions, Inc. On the same day, Weisman sold the ring to the defendant for $600.00.
The question is whether title passed to the fraudulent buyer so that he could transfer said title to a bona fide purchaser for value without notice and defeat recovery of the property by the seller.
The case must be resolved by determining if the seller assented to transfer the ownership in the ring. In 2 Williston, Sales, § 346 a (Revised Edition 1948), Professor Williston states:
“If a seller should say 'y°u must not deal with these goods, though I have put them in your hands, until I collect the check’ that would show an intent not to transfer the property to the buyer. But where the goods are put into the buyer’s hands without more, it can hardly be doubted that the seller means to allow him to deal with them as his own; to resell them immediately if he feels inclined.”
And in § 346 b of the same work, Williston states,
“A delivery to the buyer with authority to use the goods immediately should be conclusive evidence of transfer of the property in the absence of clear evidence showing an intention to reserve title.”
The evidence reveals that the buyer was free to use the ring as his own. The seller believed that the buyer was going to use it as an engagement ring on the day following the transaction. Thus, the transaction was a sale which transferred a voidable title as between the parties. As such, a subsequent bona fide purchaser for value will be protected.[1] We reject plaintiff’s contention that defendant was not a bona fide purchaser for value.
We have therefore determined that the lower court erred in awarding the plaintiff a summary final judgment and that the defendant is entitled to a summary final judgment as a matter of law.
Accordingly, the judgment appealed is reversed and the cause remanded with directions to enter judgment not inconsistent with this opinion.
Reversed and remanded.

. Woods v. Thompson, 159 Fla. 112, 31 So.2d 62 (1947); E. E. Alley Co. v. Ball, 102 Fla. 1034, 136 So. 704 (1931).