766 So.2d 285 (2000)
STATE of Florida, DEPARTMENT OF CORRECTIONS, Petitioner,
v.
Shannon COLEMAN, Respondent.
No. 4D00-118.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
Roger Pickles, Assistant General Counsel, Department of Corrections, Tallahassee, for petitioner.
Jack Edward Orsley of Law Offices of Orsley & Cripps, P.A., West Palm Beach, for respondent.
FARMER, J.
Respondent was convicted of several violations of section 800.04 and sentenced to community control and subsequent probation. Four days after the sentence was imposed, the trial court granted his motion to correct sentence to allow him to serve the community control in Virginia, there to reside with his mother. The trial court specified that petitioner (DOC) was to continue to supervise respondent's community control from the state of Florida, simply notifying Virginia authorities of his new residence there. From that order, DOC has filed the present petition for a writ of prohibition, which we treat as alternatively seeking relief by writ of certiorari.
We grant certiorari[1] and quash the order modifying the sentence to allow respondent *286 to take up residence with his mother in Virginia under Florida imposed community control. Section 948.03(6) unambiguously provides:
"The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper. However, the sentencing court may only impose a condition of supervision allowing an offender convicted of s. 794.011, s. 800.04, s. 827.071, or s. 847.0145, to reside in another state, if the order stipulates that it is contingent upon the approval of the receiving state interstate compact authority."
See § 948.03(6), Fla. Stat. (1999)[emphasis supplied].
Because the order does not state that relocation of respondent's residence is contingent on the approval of the proper Virginia authorities, the change in the conditions of community control to allow the relocation was error. Moreover the change significantly affects the ability of DOC to perform its statutory duty to supervise this community controllee in a way for which the agency would have no remedy except by certiorari. On return of this case, the trial court shall be free to permit a relocation of residency to Virginia upon compliance with section 948.03(6). Because we have expedited this case, any motion for rehearing shall be filed within 7 days of the release of this opinion.
WARNER, C.J., and TAYLOR, J., concur.
NOTES
[1] Prohibition is not a proper remedy because it is prospective only and may not be used as a mode of review of judicial action already undertaken. Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421 (1947) (purpose of prohibition is to prevent tribunal from acting in excess of its power, while certiorari is to remedy consequences of such action).