PER CURIAM.
The secretary of the department of corrections petitions for certiorari relief from a trial court order which allows the respondent to reside in New York and to report by telephone to his probation officer in Florida.
Because the respondent was convicted of two counts of sexual battery in violation of section 794.011, the trial court could allow his residence in another state only “if the order stipulates that it is contingent upon the approval of the receiving state interstate compact authority.” § 948.03(6), Fla. Stat. (2000). The order did not so stipulate, and in fact it was entered after the Division of Probation and Correctional Alternatives of the State of New York rejected the department’s request, pursuant to rule 2-101 of the Interstate Compact for the Supervision of Parolees and Probationers, and requested the respondent’s removal from the state of New York. We grant the petition and quash the order. See State, Dep’t of Corr. v. Coleman, 766 So.2d 285 (Fla. 4th DCA 2000).
The respondent indicates that the New York authorities have since agreed to accept probation supervision over him. We disagree with his contention that such action renders the instant petition moot, as it continues to allow his residence in another state without the contingency required by the statute. Of course, the respondent may request a proper order from the circuit court, allowing him to reside in New York contingent upon the approval of that state’s interstate compact authority.
POLEN, C.J., DELL and STEVENSON, JJ., concur.