PER CURIAM.
Petitioner, Michael W. Moore, Secretary of the Department of Corrections, petitions for writ of certiorari challenging the trial court’s order which directed the transfer of respondent’s, Rodney Nelson’s, sex offender probation to North Carolina without the receiving state of North Carolina’s acquiescence. We grant the petition.
On March 29, 1993, respondent was convicted, through a plea, of sexual activity with a child pursuant to section 794.041(2)(b), Florida Statutes (1991). He was initially sentenced to serve a three and a half year sentence followed by fifteen (15) years probation. The probation order provided that the “probation may be transferred to North Carolina.”
On July 15, 1997, he violated his probation and on August 14, 1997, he was re-sentenced to a five year sentence followed by fifteen (15) years probation. This time the probation order provided that the “probation to automatically transfer to North Carolina.”
On March 7, 2002, the North Carolina Department of Corrections informed Florida that it declined supervision of respondent. Thereafter, on June 12, 2002, the Florida Department of Corrections wrote to respondent notifying him that North Carolina rejected his plan for supervision and instructed him to return to Florida immediately.
On June 26, 2002, the trial court entered an “Order of Modification of Probation” wherein it stated, in part, that respondent “may remain in North Carolina.”
In Moore v. Proctor, 795 So.2d 235 (Fla. 4th DCA 2001), this court granted the Secretary of the Department of Corrections’ petition for certiorari relief from a trial court order which allowed the respondent to reside in another state and report by telephone to his probation officer in Florida.
In Proctor, the respondent was convicted of two counts of sexual battery in violation of section 794.011, Florida Statutes. Id. at 235. Because of this conviction, the trial court could allow his residence in another state only “if the order stipulates that it is contingent upon the approval of the receiving state interstate compact authority.” Id. (citing § 948.03(6), Fla. Stat. (2000)). This court held that the order did not so stipulate and it was entered after the Division of Probation and Correctional *920 Alternatives of the State of New York rejected the department’s request and requested the respondent’s removal from the state of New York. Id. Thus, this court granted the petition and quashed the trial court’s order. Id.; see Dep’t of Corr. v. Coleman, 766 So.2d 285 (Fla. 4th DCA 2000).
In this case, the offenses resulting in respondent’s plea were committed in 1992; thus, respondent was sentenced under section 794.041(2)(b), Florida Statutes (1991). That section was repealed in 1993 and simultaneously re-enacted in section 794.011(8). See Ch. 93-156, Laws of Fla. The elements of the two statutes are identical. See Millien v. State, 766 So.2d 475 (Fla. 4th DCA 2000), rev. denied, 804 So.2d 329 (Fla.2001).
Section 948.03(6), Florida Statutes, provides, in pertinent part: “The sentencing court may only impose a condition of supervision allowing an offender convicted of § 794.011, § 800.04, § 827.071, or § 847.0145, to reside in another state, if the order stipulates that it is contingent upon the approval of the receiving state interstate compact authority.” § 948.03(6), Fla. Stat. (2001). This language requiring that the receiving state approve the transfer of sex offender probation was added in 1996. See Ch. 96-312, § 54, Laws of Fla. Section 948.03(6) does not reference section 794.041 because that statute had been incorporated into section 794.011 three years earlier, as noted above.
Thus, when respondent was re-sentenced in June 2002, the trial court’s order, which permitted his remaining in North Carolina, was required to contain language that it was contingent upon the approval of North Carolina. The order failed to contain such language. Even when he was previously re-sentenced in 1997, the order was required to state that it was contingent upon the approval of North Carolina and it failed to do so.
Accordingly, we grant the petition for writ of certiorari and quash the June 26, 2002 order of the trial court.
FARMER, SHAHOOD and HAZOURI, JJ., concur.